PLUMMER, Respondent, vs. JOHNSEN, Appellant.

*November 3 — November 22, 1887.*

Slander: Evidence of malice: Instructions to jury: Damages: Arrest without warrant.

1. In an action for slander it appeared that the plaintiff was orally charged with burglary by the defendant, and was arrested by his order without warrant and imprisoned for some hours; that the defendant refused to make complaint against the plaintiff, but asked an officer to make complaint against him for vagrancy and detain him longer on that charge, which the officer refused to do and discharged the plaintiff. *Held*, that evidence of the length of time the plaintiff was imprisoned was admissible to show malice on the part of the defendant.

2. In an action for slander an instruction that if the plaintiff's general character and reputation were bad his compensatory damages would be thereby lessened, and should be measured by the injury actually suffered, is *held* substantially to include a special instruction asked, to the effect that in such case the jury might find a verdict for nominal damages only.

3. An instruction abstractly sound, but not applicable to the facts of the case, should be refused.

4. A private person is not justified in making an arrest without a warrant unless he has good reason to believe, and *does believe*, that the person arrested is guilty of the crime.

5. In an action for slander, where it appeared that the plaintiff was arrested and imprisoned upon a charge of burglary, made without justification or excuse, a verdict for $500 damages is *held* not excessive.

APPEAL from the Circuit Court for *Portage* County. The facts are sufficiently stated in the opinion.

For the appellant the cause was submitted on the brief of *Raymond & Haseltine.* To the point that the instruction asked as to when a private person is justified in making an arrest without warrant was correct, they cited *Samuel v. Payne*, 1 Doug. 359; *Beckwith v. Philby*, 13 Eng. C. L. 287 (6 B. & C. 635); *Davis v. Russell*, 15 id. 463 (5 Bing. 354); *Brockway v. Crawford*, 3 Jones, Law, 433;

*Allen v. Wright*, 8 Car. & P. 522; *Reuck v. McGregor*, 32 N. J. Law, 70; *Holley v. Mix*, 3 Wend. 350; *Burns v. Erben*, 40 N. Y. 466; *Brooks v. Comm.* 61 Pa. St. 352; *Benham v. Vernon*, 14 Wash. L. Rep. 478.

For the respondent there was a brief by *O'Keefe & Calkins*, attorneys, and *Cate, Jones & Sanborn*, of counsel, and oral argument by *Mr. Jones*. As to when a private person may make arrest without warrant, they cited *Keenan v. State*, 8 Wis. 132; *Farnam v. Feeley*, 56 N. Y. 451; *Kindred v. Stitt*, 51 Ill. 401; *People v. Burt*, 51 Mich. 199.

ORTON, J. This is an action of slander against the defendant for speaking the words, "he (meaning the plaintiff) is the man who helped burglarize and rob my house." The answer is, in effect, that defendant's house had been burglarized and property therein stolen, and that he believed the plaintiff did it, and if he spoke the words they were true and the speaking of them lawful. The answer then states the circumstances which justified the defendant's suspicion of the plaintiff in respect to that crime, and denies malice and that the plaintiff was injured. The jury found for the plaintiff $500 damages.

The testimony on behalf of the plaintiff was that, on the occasion of the speaking of said words, the defendant, without warrant, ordered one Dunegan, a night policeman, to arrest the plaintiff and imprison him, and Dunegan did so without warrant or other complaint, and detained him in prison several hours; and that the defendant not only made no complaint, but declined to make any when asked by the chief of police McDonald to do so, but asked said officer to make complaint against plaintiff for *vagrancy*, and he refused to do so and discharged him from the prison. The first error assigned by the appellant is the admission of the testimony of the plaintiff as to the length of time he was so imprisoned. It is contended by the learned counsel of the

appellant that although the arrest and imprisonment of the respondent by his order might properly be shown to prove malice, yet, after he was so arrested and placed in prison he was no longer responsible, and the respondent was then in the hands of the officers of the law, and the length of time he was so imprisoned would not show malice on the part of the appellant. That might be true if the appellant had no longer concerned himself about it after the arrest; but after the respondent had been imprisoned several hours he tried to have him imprisoned still longer by trying to persuade the chief of police to make a charge against him for the mere offense of vagrancy. The testimony tended to show malice on the part of the appellant by the imprisonment as much as by the arrest by his order without complaint or warrant. The testimony shows that the respondent was arrested and imprisoned by the order of the appellant, was detained in prison several hours by his order, and he attempted to have him detained still longer in prison for an offense very different from that which was the pretext of his arrest, and, refusing to make any charge against him, he was released from prison. The testimony was clearly proper, and the language of the learned counsel of the appellant in their brief that, "so far as appears from the evidence or is claimed by any one, *Johnsen's* connection with the affair terminated upon the arrest of the plaintiff," is scarcely borne out by the testimony.

There were ten special requests made by the counsel of the appellant for the court to instruct the jury, and which were refused by the court, and only three of them are now insisted upon as not having been embraced in the general charge.

1. The court instructed the jury, in effect, that if the plaintiff's general character and reputation were bad his compensatory damages would be thereby lessened, and should be measured by the injury actually suffered. The

special request is in effect the same, except that the jury were not instructed "that they were at liberty in such case to find a verdict for *nominal* damages only." This pretended exception is certainly embraced, at least substantially, in the general charge. The jury were charged that they might *measure* the damages by the character of the plaintiff. If it was bad the jury were not limited by any amount exceeding nominal damages. The authority cited by the learned counsel, of *Campbell v. Campbell*, 54 Wis. 90, is not in point. Very nearly the special instruction here asked was requested in that case, and the court had not instructed the jury upon that subject, but had told the jury "that they had the right to give nominal damages." It was held error that the special instruction that the damages ought to be measured by the good or bad character of the plaintiff was not given. The jury in this case were fully instructed on that subject. But it is extremely doubtful whether the court ought to have instructed the jury in this case that they were at liberty to find for the plaintiff only *nominal* damages, however bad his general character might have been proved to have been. Such a verdict would have been nearly equivalent to a verdict against him in the action. If the speaking of the words was not justifiable by their truth, and was expressly malicious, and had caused special damage to the plaintiff, it would seem that he ought to recover at least his actual damages. In such a case the jury ought not to have been instructed that the plaintiff was not entitled to recover anything. *Langton v. Hagerty*, 35 Wis. 151. But nominal damages were clearly included in the general instruction given, and that was in favor of the defendant, and he cannot complain.

2. The court was asked to instruct the jury that, if the arrest and imprisonment were justifiable and lawful, they could not be evidence of malice. In connection with this instruction the court was asked to instruct the jury when

and under what circumstances an arrest and imprisonment by a private person without warrant were justifiable, by an abstract proposition of law not specially relating to the case at bar, as follows: "A private person is justified in making an arrest without a warrant where a felony has actually been committed and there is reasonable and probable cause for fairly believing the person arrested to be guilty thereof, although such person be in fact innocent, if the person so making the arrest acts without malice, in good faith, and actually relying upon such cause of belief." An instruction though *abstractly* sound, but not applicable to the facts of the case, should be refused. *Allen v. Chippewa Falls*, 52 Wis. 430. It was not proved "that there was reasonable and probable cause for fairly believing" the respondent guilty of the crime of burglary or robbery in the case stated. "It is seldom error to refuse to give an instruction which is only a statement of an *abstract rule of law*." *Berg v. C., M. & St. P. R. Co.* 50 Wis. 419. But this abstract statement of what the law is, if applied to this case, is materially defective in not having the qualification that the appellant *believed*, and had reasonable grounds to believe, that the respondent was guilty. "A real belief and reasonable grounds for it must concur to afford a justification." "Good faith alone is not sufficient." *Farnam v. Feeley*, 56 N. Y. 451; 1 Am. Lead. Cas. 265; *Merriam v. Mitchell*, 13 Me. 439; *Travis v. Smith*, 1 Pa. St. 234; *Burlingame v. Burlingame*, 8 Cow. 141; *Hall v. Suydam*, 6 Barb. 94. "An arrest cannot be made without warrant on causeless suspicion and in the absence of *actual belief* of guilt, or actual facts that create probable cause." *People v. Burt*, 51 Mich. 199. This rule would seem to be most reasonable. A private person ought not to arrest another without warrant, unless, at least, he believes such person to be guilty of the crime. Such belief on his part is the only real evidence of his good faith. It has been held by many

respectable authorities that, to justify such an arrest, the person so arrested must be guilty of the crime (*Burns v. Erben*, 40 N. Y. 466, and cases cited); but this may be going too far. There should at least be good cause to believe, and an actual belief, that the person arrested is guilty. What does it matter if there be good cause to believe, and the person making such arrest does not himself believe, that the person so arrested is guilty of the crime? In such a case he does not act honestly or in good faith. What may be good cause for others to believe is not the question. It is the good cause for his own belief that is material. This material element is wanting in the instruction asked by the appellant for his justification for the arrest. But in this case, the appellant's own belief in the guilt of the respondent is not asserted in this instruction asked, but he omitted and refused to make complaint against the respondent when requested by the chief of police to do so, but endeavored to have that officer make complaint against him for another and inferior offense. The instruction was, therefore, at best, inapplicable to the facts. It was not error to refuse both of these instructions.

The only remaining objection to the judgment urged by the appellant's counsel is that the damages awarded by the jury are excessive. The jury must have found that there was no justification, excuse, or mitigation, for the slander, and probably that the respondent suffered special damage. The small sum of $500 damages, in such a case, is certainly not evidence of any bias, or prejudice, or motive of oppression, on the part of the jury. This sum would seem to be reasonable, if the plaintiff was entitled to any verdict. Justification was pleaded, but it was not proved, and the jury seemed to have found that there was little if anything proved in mitigation of the slander.

*By the Court.*— The judgment of the circuit court is affirmed.