ELLSWORTH, Respondent, vs. HAYES, Appellant.

*March 7 — March 27, 1888.*

*Slander: Miscount of votes by election inspector: Intention in making charge: Privilege: Instructions to jury.*

1. In an action for slander the complaint alleged that the defendant falsely and maliciously spoke of the plaintiff, an election inspector, the following words: "He counted four votes which were cast for E., for B., for sheriff. . . . It is true; there is no doubt about it. There was a man standing looking right over [plaintiff's]

shoulder, and saw him do it. It is a swindle;" and that the defendant thereby falsely and maliciously charged the plaintiff with having knowingly violated the provisions of the law governing the duties of inspectors of election. *Held*, that the language used might fairly be construed as charging a wilful and fraudulent miscount, not a mere mistake, and that the complaint therefore stated a cause of action.

2. In such a case, there being no evidence which would justify the jury in finding that the defendant honestly and in good faith made such statements for the purpose of having a recount of the votes under the provisions of ch. 464, Laws of 1885, instructions to the effect that if they were made for such purpose, without malice, the plaintiff cannot recover, were properly refused.

APPEAL from the Circuit Court for *Dane* County.

The following statement of the case was prepared by Mr. Justice TAYLOR as a part of the opinion:

This action was brought to recover damages for slanderous words alleged to have been uttered and published by the defendant. Upon the trial of the action in the circuit court, the plaintiff had a verdict in his favor for $100 damages, upon which verdict judgment was entered in his favor, with costs of the action. From this judgment the defendant appealed to this court.

The plaintiff alleges in his complaint that he was one of the supervisors of the town of Oregon, in Dane county, in the the years 1885 and 1886, and that as such supervisor, at the general election held in said town on the 2d of November, 1886, he acted as chairman of the board of inspectors of such election, and was duly qualified as such inspector. It then alleges that, at such election, one John M. Estes was a candidate on the Republican ticket for the office of sheriff of Dane county, and that Phillip Barry was the candidate for such office on the Democratic ticket; that the plaintiff was a member of the Democratic party, and took an active interest in that election; that the defendant was a member of the Republican party, and that he was active in behalf of John M. Estes, the republican candidate for sheriff of said

county. The complaint then alleges that the defendant, *Hayes*, wickedly contriving, etc., to injure the plaintiff, etc., and cause it to be suspected and believed by his neighbors and others that plaintiff was guilty of the offenses and misconduct hereinafter mentioned and charged, in a certain conversation, etc., held in said town on the second day of November, 1886, concerning the number of votes which had been counted for the said John M. Estes, as sheriff, and the said Phillip Barry in said town, " falsely and maliciously spoke of and concerning this plaintiff, these false, malicious, and defamatory words, that is to say: ' He [meaning the plaintiff] counted four of the votes which were cast for Estes [meaning John M. Estes, the candidate for sheriff on the Republican ticket] for Barry for sheriff [meaning the said Phillip Barry, who was the candidate for sheriff on the Democratic ticket].' " The complaint then alleges that several persons hearing the statement remarked that they did not believe that *Ellsworth* was that kind of a man, and thereupon the defendant further stated to the persons then present: " It is true; there is no doubt about it. There was a man standing looking right over *Mr. Ellsworth's* shoulder, and saw him do it. It is a swindle." The complaint then alleges that the defendant thereby falsely and maliciously charged the plaintiff with having knowingly violated the provisions of the law governing the duties of the inspectors of election, etc.

The second cause of action stated in the complaint was for the following statement, made by the defendant on the 6th day of November, 1886, in the village of Oregon, in the presence of divers persons, concerning said election and counting the ballots by the said *Ellsworth:* " I have been informed by a man who stood right by and watched *Ellsworth* count the votes, and he counted four of Estes' votes for Barry for sheriff." The complaint also charges a repetition of these conversations at other times and places before the commencement of the action.

The defendant answered, admitting the fact that plaintiff was one of the inspectors of the election on November 2, 1886, and that he assisted in counting the votes at such election; the candidacy of Estes and Barry for sheriff,— Estes as the Republican, and Barry as the Democratic, candidate. He also admits that the plaintiff was acting with the Democratic party, and he with the Republican party. The answer then makes the following allegations:

"Defendant, further answering said complaint, alleges that immediately after the fall election of 1886, in the said village of Oregon, one of the voting precincts at which the said Estes and the said Barry were voted for as candidates for sheriff of Dane county, it was freely, openly, and publicly suggested and charged, by divers and sundry of said electors and tax-payers of said voting precinct, that the said plaintiff had made a mistake in counting the votes cast at the said voting precinct for the office of sheriff; that it was freely and openly considered and discussed by said electors, in good faith, the question whether a recount should not be made of said votes, and that the defendant, as one of the electors and tax-payers at said voting precinct, in good faith and with malice towards none, at said time and place, in Monk's hotel, in answer to a question propounded by one Mr. Patchin, also an elector and tax-payer of said precinct, namely, '*Hayes*, what is there about that vote business?' said: 'All I know about it is what I have heard, and that is this: There was a man who said in my presence, in the post-office, that he saw four votes that had Barry's name scratched off, and Estes' name written on them, and they were counted for Barry; and that he stood right behind *Ellsworth* when the vote was counted, and he said he noticed that one of the tickets was torn;' that said Patchin replied that he did not believe *Ellsworth* would do that; that this defendant replied: 'I don't believe that he did it either; I don't believe that anybody believes that he did it;' that this defendant uttered these words, answering said in-

terrogatory of said Patchin in good faith, and in the exercise of his rights as an elector of said precinct to see that the votes cast at said precinct should be counted as cast.

" Defendant, answering said second alleged cause of action, admits that he joined in a conversation in the presence of one Peter Peterson, respecting a canvass of the votes cast at said precinct of Oregon, the 2d day of November, 1886, for the said John Estes and the said Philip Barry, as candidates for the office of sheriff; that the said Peter Peterson and the others present were electors and tax-payers of said precinct of the village of Oregon, and with him (the defendant) interested in a fair count of the votes cast at said precinct; that the defendant at the said time and place, in answer to the question addressed to him by one of the electors of said precinct, said: 'It is intimated that *Ellsworth* made a mistake of four votes; that a man claimed to have stood right behind *Ellsworth* while the votes were being counted, and saw the ballots with Barry's name scratched off and Estes' name written on counted for Barry;' that defendant further stated that, 'I did not think *Ellsworth* would do that, and in justice to him the votes ought to be recounted; and if I see him I will tell him.' That defendant used no other or different language, at the said time and place, than above set forth, respecting the matters and things alleged in the said complaint; that said statements were made calmly and dispassionately, with no ill motive towards the plaintiff, but wholly in good faith, and solely in the exercise of the defendant's right, as an elector and tax-payer of said voting precinct of said village of Oregon, to discuss the question of alleged mistake by the board of inspectors in canvassing the votes cast at said precinct, and for the purpose of promoting the public welfare by insisting that the ballot shall always be counted as cast."

The answer denies everything else stated in the complaint.

On the trial in the circuit court the defendant objected

to the admission of any evidence under the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. This objection was overruled, and exception taken. At the close of the plaintiff's evidence the defendant moved for a nonsuit, which was denied, and exception taken. These rulings of the court are alleged as error by the appellant upon the hearing of this appeal.

For the appellant there was a brief by *Rogers, Luse & Hall*, and oral argument by *W. H. Rogers* and *F. W. Hall*. They contended, *inter alia*, that there is nothing slanderous *per se* in the words charged in either count. Words are only actionable when in their most obvious and natural sense they impute a crime. *Montgomery v. Deeley*, 3 Wis. 709; *Geary v. Bennett*, 53 id. 444. The words used were conditionally privileged, that is, though they may be false they do not on that account imply malice. See *Van Wyck v. Aspinwall*, 17 N. Y. 193; *Larkin v. Noonan*, 19 Wis. 83; *Lewis v. Chapman*, 16 N. Y. 369; *State ex rel. Lanning v. Lonsdale*, 48 Wis. 348; *White v. Nichols*, 3 How. 236; Townshend on Slander, 350–357; *Bradley v. Heath,* 12 Pick. 163; *Bays v. Hunt*, 60 Iowa, 251; *Marks v. Baker*, 28 Minn. 162; *Bronson v. Bruce*, 59 Mich. 467, 26 N. W. Rep. 675, note; *Noonan v. Orton*, 32 Wis. 106; *Servatius v. Pichel*, 34 id. 292.

For the respondent there was a brief by *John M. Olin* and *J. L. O'Connor*, and oral argument by *Mr. Olin*. They argued, among other things, that if the language used was capable of a slanderous meaning, or might become so when explained by surrounding circumstances and the collateral acts and declarations of the defendant and those to whom the language was addressed, the ruling of the court admitting evidence under the complaint was correct. *Weil v. Schmidt*, 28 Wis. 137; *Cottrill v. Cramer*, 43 id. 242; *Campbell v. Campbell*, 54 id. 90; *Lathrop v. Hyde*, 25 Wend. 448; *Rowand v. De Camp*, 96 Pa. St. 493; 8 Atl. Rep. 230.

Language which imputes crime or corruption to a person in official capacity is not privileged unless it appears that it was directed exclusively to the authority which has the power of removing such officer or of taking other definite legal action upon the communication, and for the purpose of inducing *such authority to such action*. *Thorn v. Blanchard*, 5 Johns. 508; *Sewall v. Catlin*, 3 Wend. 292; *Vanderzee v. M'Gregor*, 12 id. 545; *Fawcett v. Charles*, 13 id. 473; *Howard v. Thompson*, 21 id. 319; *O'Donaghue v. M'Govern*, 23 id. 26; *Larkin v. Noonan*, 19 Wis. 82; *Gray v. Pentland*, 2 Serg. & R. 23; *Rowand v. De Camp*, 96 Pa. St. 493; *Foster v. Scripps*, 39 Mich. 376; *Bodwell v. Osgood*, 3 Pick. 379; *Smith v. Higgins*, 16 Gray, 251; *State v. Burnham*, 9 N. H. 34; *Wilson v. Collins*, 5 C. & P. 373; *Parsons v. Surgey*, 4 F. & F. 247. In such cases the courts have held that the petition containing the libelous charges is in the nature of a judicial or a *quasi*-judicial proceeding, and consequently privileged. *Larkin v. Noonan*, 19 Wis. 82. One may criticise the public acts and conduct of an officer more freely than the acts and conduct of a private person, but any imputation of unjust or corrupt motives is equally slanderous in either case. *Spiering v. Andrœ*, 45 Wis. 330; *Dodds v. Henry*, 9 Mass. 262; *Comm. v. Clap*, 4 id. 163; *Hamilton v. Eno*, 81 N. Y. 116; *Seely v. Blair*, Wright (Ohio), 358; *McDonald v. Woodruff*, 2 Dill. 244; 6 M. & W. 105; *Rearick v. Wilcox*, 81 Ill. 77; *Palmer v. Concord*, 48 N. H. 211; *Bronson v. Bruce*, 59 Mich. 467; *White v. Nichols*, 3 How. 266; *Crane v. Waters*, 10 Fed. Rep. 619; *Barr v. Moore*, 87 Pa. St. 385; *Neeb v. Hope*, 111 Pa. St. 145; *Comm. v. Wardwell*, 136 Mass. 164.

TAYLOR, J. It is argued that the language used by the defendant, as stated in the complaint, does not charge any unlawful or wilful miscounting of the votes cast at the election by the plaintiff, but simply that he made a mistake in

counting the votes cast thereat. The language set up in the complaint is not so clearly a simple allegation of mistake as to justify the court in saying that it did not have a different meaning, and that the persons to whom it was addressed did not understand it as charging the plaintiff with a false and fraudulent count, as stated in the innuendo. If the words are fairly susceptible of the meaning which it is claimed by the plaintiff was intended by the defendant in uttering them, then it is clear that they sufficiently charge the plaintiff with a crime under the statute, which declares what shall constitute an offense by an inspector of elections (see secs. 4544, 4545, R. S.), and are actionable *per se* when spoken of his acts as an inspector of elections, and the court properly refused to exclude the plaintiff's evidence. The same is true of the refusal of the motion for a nonsuit. The evidence made a clearer case of an intention on the part of the defendant to charge the plaintiff with a wilful miscounting of the votes cast at said election than is made by the statements set out in the complaint. The court would not have been justified in granting a nonsuit. The following cases sustain the rulings of the circuit court to which the exceptions were taken: *Geary v. Bennett,* 53 Wis. 444, 447; *Weil v. Schmidt,* 28 Wis. 137; *Campbell v. Campbell,* 54 Wis. 90; *Rowand v. De Camp,* 96 Pa. St. 493, 501; *Singer v. Bender,* 64 Wis. 169.

In the instructions of the learned circuit judge to the jury, he expressly told them that the plaintiff could not recover in the action if they found that the defendant simply charged the plaintiff with an unintentional miscount of the votes; "that it was not slander for the defendant to say that the plaintiff counted votes for one candidate that were cast for another, unless the words were stated under such circumstances as that a fair and ordinary interpretation of the words spoken, by the persons hearing them, would be that the plaintiff knowingly or wilfully so miscounted the

Ellsworth vs. Hayes.

ballots; and, if you find that the words used by the defendant did not so charge, your verdict should be for the defendant." This submitted the questions raised by the motions to exclude the evidence of the plaintiff and for a nonsuit fairly to the jury; and upon the reading of the evidence there can be no question but that there was enough in the case to require the trial judge to submit the question as to what the defendant meant by the words uttered by him.

The learned counsel also alleged for error the refusal of the court to instruct the jury that, under the evidence, they might find the statements made by the defendant conditionally privileged. There is no contention that the second and fourth instructions asked by the defendant were improperly refused by the court, as both instructions ask the court to say, as a matter of law, that the words uttered by the defendant were privileged. It cannot be contended that the evidence is so clear as to the intent with which the defendant uttered the words as would justify the court in stating, as a matter of law, that they were privileged or conditionally privileged. The third and fifth instructions asked would have been proper instructions to the jury, had there been any evidence to sustain the claim made by the defendant.[1] After a careful examination of the evidence,

[1] The third and fifth instructions asked by the defendant were as follows:

" 3. The law permits all persons who are interested as electors or taxpayers to comment upon the official acts of their public officers so long as they do so *bona fide* and not for the purpose of injuring the person spoken of; hence, if the defendant was induced from any cause to believe that the plaintiff did what the defendant is alleged to have said he did, and mentioned it to others with a view of correcting the evil, and without malice toward the plaintiff, his acts would be justifiable, and the plaintiff cannot recover.

" 5. Every qualified voter of Dane county was interested in the subject of a fair and correct count of the ballots cast for the respective candidates for the office of sheriff of Dane county, at the village of Oregon,

we do not find anything in it which would have justified the jury in finding that the defendant honestly and in good faith made the statements he is shown to have made, for the purpose of having a recount of the votes cast at such election, under the provisions of ch. 464, Laws of 1885. He does not show that he made the statements with the purpose of procuring a recount of the vote; nor did he ever take any legitimate steps towards obtaining such recount; nor is it shown that any other elector or electors in said town were at the time taking, or about to take, any measures to have the vote recounted; nor does he show, as alleged in his answer, that it was openly and publicly suggested and charged immediately after such election, by divers and sundry of the electors of said voting precinct, that the plaintiff had made a mistake in counting the votes cast at such election. The evidence does not disclose that any one made the charge except himself and one other man, nor that any one except himself suggested that a recount ought to be made. There was not enough in the evidence to justify the court in submitting the proposition embraced in the instructions asked to the consideration of the jury. We think the case was fairly submitted to the jury, and there is no reason, upon the whole evidence, for disturbing their verdict.

*By the Court.*— The judgment of the circuit court is affirmed.

at the November election of 1886, and if you find from the evidence that the defendant, *Hayes*, in good faith, without malice toward the plaintiff, *Ellsworth*, expressed himself on the subject in question in the manner set forth in the complaint to persons having a like interest in the communication, namely, electors of said county, no presumption of malice arises from the speaking of the words, and, therefore, this action cannot be maintained without you further find that the defendant was actuated by express malice toward the plaintiff at the time the said words were spoken."— REP.