Candrian vs. Miller.

CANDRIAN, Appellant, vs. MILLER, Respondent.

*November 17, 1897 — January 11, 1898.*

(1–6) *Libel: Mitigating circumstances: Express malice: Several causes of action: Reduction of damages: Character of plaintiff: Evidence: Instructions.* (7) *Appeal: Exceptions.*

1. In an action for the publication of an open letter which was libelous *per se,* the defendant may, under sec. 2678, R. S., set up both the truth of the matter charged as defamatory and any mitigating circumstances to reduce the damages, including, in this case, a newspaper article published by the plaintiff two weeks earlier, to which the alleged libel professed to be a reply.

2. In an action for the publication of an article libelous *per se,* a refusal to instruct that any sum less than $50 would not be substantial damages because it would not carry costs, is *held* not to be erroneous, the question of damages being peculiarly for the jury.

3. In such a case the plaintiff introduced letters written by the defendant for the avowed purpose of proving express malice. Before resting, however, his counsel stated that he desired "the record to show that we make no claim for punitory damages," and then offered another letter of the same general character. The evidence of malice was not formally withdrawn. *Held,* that the admission of evidence in mitigation of damages, against plaintiff's objection that no punitory damages were claimed, was not error.

4. Where an article contains several libelous expressions, each of such expressions is in legal effect a separate cause of action.

5. Under sec. 2678, R. S. (providing that "the defendant may in his answer allege both the truth of the matter charged as defamatory, and any mitigating circumstances, to reduce the amount of damages; and whether he prove the justification or not, he may give in evidence the mitigating circumstances"), actual or compensatory damages cannot be reduced by mitigating circumstances.

6. In an action for libel evidence of the plaintiff's bad character with reference to any of the defamatory charges is admissible under a general denial in mitigation of actual damages.

7. A motion for a new trial on the general ground of errors in the instructions is insufficient to bring up for review any specific instruction.

APPEAL from a judgment of the circuit court for La Crosse county: O. B. WYMAN, Circuit Judge. *Reversed.*

Candrian vs. Miller.

The facts are stated in the opinion.

For the appellant there were separate briefs by *Winter*, *Esch & Winter* and *Higbee & Bunge*, and oral argument by *J. J. Esch* and *G. W. Bunge*. They contended, *inter alia*, that the article published by the plaintiff and pleaded in justification was published on May 14, and defendant's attention was called to it on the same day, while the libel sued on was published on May 28. The defendant testified that he wrote the alleged libel soon after May 14, but that it was not to be published until the 28th and that he might have stopped its publication at any time before that time. He had already answered the publication of May 14 by a letter through the mails, and also by open letter No. 1, published May 21. In his article of May 21 the defendant made all the answer to plaintiff's article that was necessary, and took all the law allowed him in the way of venting any feelings provoked by the publication thereof. There had been time for his blood to cool. *Quinby v. Minnesota Tribune Co.* 38 Minn. 528; *Maynard v. Beardsley*, 7 Wend. 560; *Gould v. Weed*, 12 id. 12; *Sheffill v. Van Deusen*, 15 Gray, 485; *Porter v. Henderson*, 11 Mich. 20; Townshend, Slander & L. § 416; *Lee v. Woolsey*, 19 Johns. 319; *Gronan v. Kukkuck*, 59 Iowa, 18; 1 Suth. Dam. 231; *Keiser v. Smith*, 71 Ala. 481; *Ranyer v. Goodrich*, 17 Wis. 78; 13 Am. & Eng. Ency. of Law, 492. The court should have given the instruction with reference to the effect of the verdict upon costs, as requested. 2 Thompson, Trials, § 2061; *Armstrong v. Pierson*, 8 Iowa, 29; Townshend, Slander & L. § 289, note 4; *Waffle v. Dillenback*, 38 N. Y. 53; *Wakelin v. Morris*, 2 Fost. & F. 26; *Nolton v. Moses*, 3 Barb. 31; *Steketee v. Kimm*, 48 Mich. 322.

For the respondent there was a brief by *Fruit & Brindley* and *C. L. Hood*, and oral argument by *J. J. Fruit* and *Mr. Hood*.

CASSODAY, C. J. This action was commenced June 3, 1896, to recover damages sustained by reason of a libel published

Candrian vs. Miller.

by the defendant of and concerning the plaintiff, May 28, 1896.

The libel was in the form of an open letter, and, among other things, with appropriate innuendoes and in effect, referred to the plaintiff as being eloquent in calumnies, outrageously malicious allusions, lying and quarreling with acquaintances and neighbors, but equally as " cod-fish mute" when called upon for an answer, explanation, or the truth, quarreling in guttersnipe fashion, and as incapable of thinking at all; that he appears in a very dim, nay perhaps even dirty, light; that he was tricky and stupid; that he was a noble swindling knight,— smooth swindler; that people despise and avoid him; that, even as a newspaper man, he was only an exceedingly wretched example; narrow of intellect, intolerant, and full of spite and prejudices; that he garbles and compiles from other papers whatever is to his liking; and then parades the same before the world as if they were his own intellectual productions, and without giving exchanges credit therefor; that he was a stupid blockhead,— a base dunce and dude; that he had the hide of a rhinoceros, and ought to be whipped with a rhinoceros whip into decency and good manners, and thus drive the fop, dude, and dancing booby out of him; that he was possessed of indescribable vanity; that even his personal appearance carries the irresistible impression of the coxcomb, the dude, the fop; that whoever had business dealing with him discovered only too soon that he was an insipid, superficial individual, whose business methods appear here and there unclean; that such screech owls as he had been characterized as "scabby carrion;" that his idiocy and assumed grandeur and vanity together go to make a fool and eccentric fop of him; that he discloses himself as a positively contemptible slack-tail, full of blemishes, fleas, spots, and tatters.   The letter closes with a promise to write two other letters, and with these words: "I am your well-equipped adversary, *James G. Miller*, Attorney."

The letter is, in part, an answer to an alleged libelous article published by the plaintiff of and concerning the defendant, May 14, 1896. The amended answer of the defendant concedes the publication, and consists of admissions and denials, and sets forth the libelous article so published by the plaintiff, May 14, 1896, and certain prior transactions of the plaintiff, and pleads the matters aforesaid in mitigation of damages, as well as in justification and in defense of the action. At the close of the trial the jury returned a verdict in favor of the plaintiff, and assessed his damages at one dollar. From the judgment entered thereon the plaintiff brings this appeal.

1. Several phrases of the article complained of were certainly libelous *per se. Bradley v. Cramer*, 59 Wis. 311; *Smith v. Utley*, 92 Wis. 136. This being so, the falsity of such portions of the article were presumed, and the malicious intent to injure the plaintiff implied from the mere publication. In such a case, general damages will be presumed from such publication. Odgers, Libel & S. (Bigelow's ed.), 291; *Barr v. Moore*, 87 Pa. St. 385; *Neeb v. Hope*, 111 Pa. St. 145. Such being the nature of the cause of action alleged, we perceive no error in allowing the defendant to answer both the truth of the matter charged as defamatory and any mitigating circumstances to reduce the amount of damages, especially the letter of May 14, 1896. R. S. sec. 2678.

2. Error is assigned because the court refused to instruct the jury to the effect that the plaintiff was entitled to recover substantial damages; that any sum less than $50 would not be substantial damages, because it would not have the effect to carry costs. The giving of costs is a matter regulated by statute. They are a mere incident to the action. The effect of the statutes allowing or disallowing costs is not for the consideration of the jury. The amount of damages in such a case is peculiarly for the jury, and

they have a broad discretion on the subject. The right of the court, in exercise of a sound discretion, to set aside a verdict as being too large or too small, does not make it proper for the court to dictate the amount of the verdict. There was no error in refusing to charge as requested.

3. Notwithstanding the malice of the defendant was implied by law from the mere publication of the open letter complained of, yet the plaintiff put in evidence three or four other letters, written and caused to be published by the defendant, for the avowed purpose of proving express malice, so as to aggravate and enhance the damages recoverable. Just before resting his case the plaintiff's counsel stated that "I desire the record to show that we make no claim to punitory damages;" and then immediately put in evidence a letter written by the defendant twelve days prior to the libelous article in question, to the effect that a failure to reply, as requested, would "not remain without consequence." Subsequently the plaintiff objected to evidence of matters in mitigation of damages, on the ground that no punitory damages were claimed; but as the plaintiff's evidence of malice had not been withdrawn from the case, and as it was impossible to know at that stage of the trial what the charge of the court on the subject would be, we cannot say that the admission of such evidence was error.

4. As indicated, the article complained of contained several expressions each of which was libelous per se. This being so, each of such expressions was, in legal effect, a separate cause of action. As to some of such expressions there does not appear to be any justification in the record. This seems to be conceded in the charge. The court was requested by the plaintiff to instruct the jury, among other things, that, "regardless of the question as to whether you believe that the defendant has proven the truth of the charge that the plaintiff was unclean or dishonest in his business methods, you must find for the plaintiff on the other libelous

charges in this article, and give to the plaintiff, as damages, such sum as you believe will reasonably compensate him for the injury which he has sustained, and this without regard to the motives which actuated the defendant in writing and publishing the same." The instruction was refused, and the plaintiff excepted. Counsel for the defendant say that the instruction so requested was substantially given in the general charge. On the contrary, after charging the jury that they were "only to consider the actual damages the plaintiff had sustained, if any," and defining such damages, the court charged the jury substantially as follows: "In determining the actual or compensatory damages, if you find the plaintiff has sustained such damages, you have a right to consider the truth of any of the matters charged as defamatory *and any circumstances that go to reduce the extent of his injury;* that is to say, . . . the plaintiff's character with reference to any of the alleged defamatory charges, . . . the article of May 14, 1896, . . . and . . . the circumstances under which the defendant's attention was called to that article, . . . and the condition of mind the defendant was in when he wrote the . . . article of May 28, 1896;" that they ought to consider all of such circumstances in arriving at or helping them to fix the actual damages which the plaintiff had sustained, if any.

The statute cited provides that "the defendant may in his answer allege both the truth of the matter charged as defamatory, and any mitigating circumstances, to reduce the amount of damages; and whether he prove the justification or not, he may give in evidence the mitigating circumstances." R. S. sec. 2678. That section was a literal copy of the New York Code (sec. 165), and was first enacted in this state as sec. 71, ch. 120, Laws of 1856, approved October 9th of that year. Two years prior to that enactment it was held by the highest court in New York that, "since the enactment of the Code of Procedure, the defendant, in an

action for slander or libel, may prove in mitigation of damages facts and circumstances which disprove malice, although they tend to establish the truth of the defamatory charge." *Bush v. Prosser,* 11 N. Y. 347. In that case, W.. F. ALLEN, J., speaking for the court, after showing that, by the rules of law as previously established, justification and circumstances in mitigation could not both be pleaded, and that "a plea of justification was conclusive evidence of malice, and that if a party, having alleged the truth of the charge, failed to prove it, the damages were necessarily enhanced by the plea, and that the defendant would be deprived of the benefit of any evidence given under it, tending to prove the truth of the charges, but coming short of a justification, although they showed probable cause and entire good faith on the part of the defendant" (*id.* 353), further said: The section "was not designed to prescribe what might be pleaded in defense of an action for slander, but was enacted to secure the full benefit of the right to plead at all to the defendant, by blotting out the rule of the common law, which attached certain presumptions prejudicial to the defendant to one class of pleas" (*id.* 353). And again: "The object and design of the section, apparent from its terms as well as indicated by the commissioners of the Code in their report, was to remedy this supposed injustice by changing the rule." *Id.* 353, 354. He also said: "The action is vindictive, and the damages are punitive as well as compensatory; and, so far as the *former* are concerned, all evidence tending to throw light upon the *intent and motives* of the defendant, which does not interfere with the established rules of law, may very properly be received." *Id.* 356. To the same effect: *Bisbey v. Shaw,* 12 N. Y. 67; *Hatfield v. Lasher,* 81 N. Y. 246; *Mattice v. Wilcox,* 147 N. Y. 624. In a late case in that state it is expressly held that "matter in mitigation, in disproof of express malice, operates only to prevent recovery of exemplary damages, and is ineffectual to reduce

Candrian vs. Miller.

damages actually sustained." *Hartman v. Morning Journal
Asso.* 46 N. Y. St. Rep. 181.

The construction thus given to the statute in New York,
before its adoption here, was expressly sanctioned in this
state soon after. *Kennedy v. Holborn,* 16 Wis. 458. COLE, J.,
speaking for the court, there said: "Indeed, it would be
impossible to add anything to what is there said to show
the precise mischief intended to be corrected by this legisla-
tion. It was to enable the defendant to show, if he could,
the truth of the words complained of in justification and
defense of the action, and, if he should fail in proving the
justification, then that he might give in evidence the miti-
gating circumstances *tending to rebut the presumption of
malice."* So this court has held, in effect, that the publisher
of an article libelous *per se* and not privileged is liable to
the injured party for any damage *actually sustained,* even
" though the publication was made without any bad motive
or malicious intent." *Wilson v. Noonan,* 35 Wis. 321. So
it was there, in effect, held that implied malice was as much
the subject of disproof as express malice, and that evidence
of the absence of bad motive or malicious intent might " be
considered by the jury in connection with the question of
punitory damages." *Id.* In a later case in this court it was
held " that, where the publication is *prima facie* libelous,
facts and circumstances tending to overcome or lessen the
presumption of malice, if properly pleaded in mitigation of
damages, may be proved;" and that where the special ver-
dict finds that the article published was false, but was not
published with the intent to injure the plaintiff's feelings
and degrade him in the estimation of the public, such ver-
dict did not negative all malice, but merely negatived two
elements of express malice, and hence that the exclusion of
evidence in mitigation of damages was error. *Eviston v.
Cramer,* 54 Wis. 225. See, also, *Reiley v. Timme,* 53 Wis. 63.
So, in a recent case, this court has expressly held that " actual

Candrian vs. Miller.

or compensatory damages for a libel cannot be mitigated by circumstances showing good faith." *Buckstaff v. Hicks,* 94 Wis. 35. See, also, *Adamson v. Raymer,* 94 Wis. 243; *Callahan v. Ingram,* 122 Mo. 355; *Witcher v. Jones* (Com. Pl.), 17 N. Y. Supp. 491.

In a recent case in New York it was held that "where the court in an action for libel had instructed the jury that exemplary damages could not be awarded, it is proper to refuse to charge that 'the publication of other similar articles in other papers immediately prior to the publication of the article complained of is a matter the jury must consider in mitigation of damages,' and 'the fact that the same matter, substantially, was published extensively in the morning papers of the same day is to be considered by the jury in mitigation of damages.'" *Van Ingen v. Mail & Exp. Pub. Co.* (Com. Pl.), 35 N. Y. Supp. 839.

From the authorities cited, it is quite obvious that actual or compensatory damages are not to be reduced by mitigating circumstances,— especially collateral circumstances, as mentioned in the portion of the general charge quoted. It follows that the instruction requested should have been given.

We do not say that the defendant was not at liberty to show that "the plaintiff's character with reference to any of the alleged defamatory charges" was bad; for, as the court properly charged the jury, "in this class of actions the plaintiff's character is always in issue." Such evidence simply goes to the actual damages,— the extent of the injury. Evidence of bad character or reputation, in such cases, has always been admissible under the general issue or general denial, independent of the provision of the Code in question. *B. v. I.* 22 Wis. 372. This is really all that was decided in *Maxwell v. Kennedy,* 50 Wis. 645, cited by counsel. The same justice who wrote the opinion in that case also wrote the opinion in *Plummer v. Johnsen,* 70 Wis. 133, where the

trial " court instructed the jury, in effect, that, if the plaint-
iff's general character and reputation were bad, his compen-
satory damages would be thereby lessened, and should be
measured by the injury actually suffered; " and he there said
that " the jury were charged that they might measure the
damages by the character of the plaintiff. If it was bad,
the jury were not limited by any amount exceeding nominal
damages." 70 Wis. 134. To the same effect, see *Grace v.
Dempsey*, 75 Wis. 324. It is always competent, under proper
pleadings, to give in evidence facts which tend to prove or
disprove the amount of injury actually sustained.

The charge contains errors against the defendant as well ·
as against the plaintiff; but they are not presented by any
specific exception, and hence cannot be considered. The
mere fact that one of the grounds upon which the plaintiff
moved for a new trial was " errors of the court in the charge
to the jury " does not present for consideration any specific
error in the charge.

*By the Court.*— The judgment of the circuit court is re-
versed, and the cause is remanded for a new trial.