Hellstern vs. Katzer.

*By the Court.*— Judgment affirmed.

Hellstern, Respondent, vs. Katzer, Appellant.

*May 18 — June 2, 1899.*

*Slander: Pleading: Joinder of causes of action: Privileged communications: Church discipline.*

1. Two or more separate causes of action for slander may be united in the same complaint.
2. Although it is true, when the article complained of contains several expressions, each of which is slanderous or libelous *per se,* that each such expression is in legal effect a separate cause of action as affecting the subject of damages, each such expression need not necessarily be pleaded as a separate cause of action.
3. Where one of the excerpts of a speech, charged to be slanderous, is not specifically alleged to have been falsely, maliciously, or wilfully spoken with intent to injure the plaintiff, but the whole

complaint when taken together makes it susceptible of such construction, a general demurrer is properly overruled.

4. The courts of this state will not determine mere questions of faith, doctrine, or schism, not necessarily involved in the enforcement of ascertained trusts and the determination of legal rights, nor interfere with mere church discipline, in the absence of any invasion of the legal rights of persons or property.

5. On demurrer to a complaint, words charged to be slanderous, spoken of a priest by an archbishop, are *held* not to be privileged, where the complaint fails to show that the plaintiff as such priest was under the jurisdiction of the archbishop, and alleges that they were spoken falsely, maliciously, and with intent to injure the plaintiff; to be privileged they must have been spoken in good faith and in the belief that the speaking of them came within the discharge of duty.

6. Words charging plaintiff with being insane and irresponsible and morally blind and disobedient to the laws of the church are slanderous *per se.*

APPEAL from an order of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Affirmed.*

Action for falsely, maliciously, and with intent to injure plaintiff in his profession of priest, speaking of and concerning him, in the German language, certain words alleged to be slanderous.

The allegations of the complaint as to the meaning of the excerpts from defendant's discourse complained of are as follows: "(1) Thereby intending to convey, and did convey, unto the persons there present in said church, to the number of two or three hundred, that said plaintiff was an irresponsible and insane person; and that said language was so understood by those who heard it." "(3) Thereby charging and intending to charge the plaintiff with being morally blind and disobedient to the laws of the church, and that said language was so understood by the congregation then and there present as aforesaid."

The excerpts are set out in full in the opinion. The complaint was demurred to for improper joinder of causes of ac-

tion, and for not stating facts sufficient to constitute a cause of action.

For the appellant' there was a brief by *Wigman & Martin*, and oral argument by *P. H. Martin*. They contended, *inter alia*, that several causes of action were improperly united. *Cheetham v. Tillotson*, 5 Johns. 430; *Rathbun v. Emigh*, 6 Wend. 407; *Holmes v. Jones*, 121 N. Y. 461. The innuendo cannot enlarge, extend, or change the meaning of the words spoken. *Filber v. Dautermann*, 28 Wis. 134; *Hofflund v. Journal Co.* 88 Wis. 371; *Bradley v. Cramer*, 59 Wis. 309; *Gauvreau v. Superior P. Co.* 62 Wis. 408. The words spoken were not slanderous. *Filber v. Dautermann*, 28 Wis. 134; *Weil v. Altenhofen*, 26 Wis. 708; *Remington v. Congdon*, 2 Pick. 310; Townshend, Slander & L. § 233; *Frank v. Dunning*, 38 Wis. 270. The words spoken were privileged. *O'Donovan v. Chatard*, 97 Ind. 421; *Stack v. O'Hara*, 98 Pa. St. 213; *Twigg v. Sheehan*, 101 Pa. St. 363; *Servatius v. Pichel*, 34 Wis. 297; *Farnesworth v. Storrs*, 5 Cush. 412; *Marks v. Baker*, 28 Minn. 162; Newell, Slander & L. 389; Townshend, Slander & L. § 233; Cooley, Torts, *215; *Jarvis v. Hatheway*, 3 Johns. 180; *Landis v. Campbell*, 79 Mo. 433; *Shurtleff v. Stevens*, 51 Vt. 501; *Laughton v. Bishop of Sodor*, 4 Moak's Eng. 162. The words spoken were not actionable *per se*. *Joannes v. Burt*, 6 Allen, 236; *Newman v. Stein*, 75 Mich. 402; *Terwilliger v. Wands*, 17 N. Y. 54; *Morasse v. Brochu*, 151 Mass. 567; *Canton S. & D. C. Co. v. McLain*, 82 Wis. 93.

For the respondent there was a brief by *Eaton & Lewis*, and oral argument by *H. L. Eaton*.

CASSODAY, C. J. This is an appeal from an order overruling a demurrer to a complaint for slander, alleging, in effect, that the plaintiff is a Catholic priest at Barton, in Washington county; that the defendant is the Catholic archbishop for the diocese of Milwaukee, and as such was and is

Hellstern vs. Katzer.

greatly respected by the believers in the Catholic faith; that the defendant, for the sole purpose of injuring the plaintiff in his profession as such priest, and with intent to hold him up to public odium and ridicule, did, October 2, 1896, at the Catholic church in West Bend, being at the time filled with a large congregation who were members of and believers in the Roman Catholic faith, among other things, falsely and maliciously, and with intent to injure the plaintiff in his said profession, from the pulpit say of and concerning the plaintiff, in the German language, which, being correctly translated into the English language, is, with innuendoes omitted: (1) That "*Father Hellstern* is not responsible, or he is excusable, or he may not be entirely of a sane mind, as he was injured in his brain in a railroad accident. · . . ." (2) That "he is no more the parson or priest of Barton, and that he had taken all rights away from him, and that the congregation no more acknowledge him as parson or priest, and that he has good reason to transfer him. . . ." (3) That "a blind or dazzled priest has given the offense of ecclesiastical disobedience."

One ground of demurrer assigned is that several causes of action have been improperly united. The statute expressly authorizes a party to "unite in the same complaint several causes of action . . . where they arise out of" and "belong to one" of the several classes therein mentioned, and "affect all the parties to the action," and do "not require different places of trial," and are "stated separately." R. S. 1878, sec. 2647. One of the classes so named therein is "injuries to character." Id. Under this statute this court has held that a plaintiff may unite in the same complaint a cause of action for libel and another cause of action for slander. *Noonan v. Orton,* 32 Wis. 106. It logically follows that two or more separate causes of action for slander may be united in the same complaint. In the case at bar we are clearly of the opinion that only one cause of action is alleged, or at-

tempted to be alleged. True, the complaint sets forth three several excerpts from the discourse complained of; but it alleges that they were each and all made at the same time and place, in the same connection, and that the language employed in each of such excerpts was understood by the persons then and there present in the congregation, or by the most of them. It is true that in discussing the subject of damages it has been said that where the article complained of contains several expressions, each of which is libelous *per se*, each such expression is, in legal effect, a separate cause of action. *Candrian v. Miller*, 98 Wis. 168. But that does not mean that each such expression must necessarily be pleaded as a separate cause of action. The first ground of demurrer assigned was properly overruled.

The other ground of demurrer assigned is that the complaint does not state facts sufficient to constitute a cause of action. It is contended that the second excerpt is not alleged to have been made falsely, or maliciously, or wilfully, or with intent to injure the plaintiff in his profession or otherwise; but we do not think the whole complaint, when taken together, is susceptible of such construction. Besides, after giving each of such quotations from such discourse, under the circumstances mentioned, the complaint further alleges, in effect, that all of such utterances so made by the defendant of and concerning the plaintiff were false and untrue, *and known* to the defendant to be false at the time he so uttered them; that said statements were so made by the defendant, as set forth, for the purpose and with the intent to injure and ruin the plaintiff in his profession as a priest of the Roman Catholic church, and more especially for the purpose of ruining the plaintiff as a priest in that church at Barton, as a large part of the parishioners and congregation from Barton were present, with the knowledge of the defendant, at the time the statements were uttered by him.

It is contended that the words spoken were privileged.

This is put upon the theory that the court will take judicial notice that an archbishop of the Roman Catholic church has power to appoint and remove priests whenever he deems it for the best interest of the congregation, and that "no action lies by a Catholic priest against his bishop for removing him from office." *O'Donovan v. Chatard*, 97 Ind. 421. This court has repeatedly disclaimed all right to determine mere questions of faith, doctrine, or schism, not necessarily involved in the enforcement of ascertained trusts or the determination of legal rights; and has also disclaimed any right of interference with mere church discipline, in the absence of any invasion of the legal rights of persons or property. *Fadness v. Braunborg*, 73 Wis. 293; *Grace v. Dempsey*, 75 Wis. 319; *Holm v. Holm*, 81 Wis. 382. One difficulty with such contention consists in the failure of the complaint to state the facts essential to show that the plaintiff, as such priest, was under the jurisdiction of the defendant, as such archbishop; or, in other words, to show that the defendant, under the rules and authority of the church, had the power and right to depose, remove, and discipline the plaintiff. The only apparent purpose in alleging that the plaintiff was a priest and that the defendant was an archbishop was to show that the defendant's words spoken were more potential with the persons who heard them, and hence more injurious to the plaintiff in his profession as a priest. Another answer to the contention is that, in order for the defendant to be protected by such privilege, it must appear that the words were spoken in good faith, and in the belief that the speaking of them came within the discharge of his duty. *Noonan v. Orton*, 32 Wis. 112; *Servatius v. Pichel*, 34 Wis. 297; *Eviston v. Cramer*, 47 Wis. 659; *Rude v. Nass*, 79 Wis. 327–329, and cases there cited. Here it is alleged that the words were spoken falsely, maliciously, and with the intent to injure the plaintiff in his profession as a priest; and that the defendant, at the time he so spoke such words, knew them

to be false. The demurrer admits all such allegations to be true, and while such admissions are allowed to remain the defendant is in no position to claim such privilege. *Eviston v. Cramer, supra,* and other cases cited above. The words spoken seem to be capable of the meaning ascribed to them by the innuendoes, and, after careful consideration, and in obedience to the repeated rulings of this court, we must hold that such utterances were slanderous *per se. Campbell v. Campbell,* 54 Wis. 90, and cases there cited; *Bradley v. Cramer,* 59 Wis. 309; *Ellsworth v. Hayes,* 71 Wis. 427; *Guth v. Lubach,* 73 Wis. 131; *Delaney v. Kaetel,* 81 Wis. 353; *Schild v. Legler,* 82 Wis. 73; *Pandow v. Eichsted,* 90 Wis. 298. These cases cover the law applicable, and it is unnecessary to renew the discussion.

*By the Court.*— The order of the circuit court is affirmed.