# DAWKINS v. BILLINGSLEY.

No. 8593—Opinion Filed April 9, 1918.

(172 Pac. 69.)

1. **Libel and Slander—Entry in School Register—"Privileged Communications."**

An entry made in a register by the teacher of a district school, concerning a pupil, that he "was ruined by tobacco and whisky," is defamatory, and the same is not "privileged communication" or publication within the purview of any provision of section 4958, Rev. Laws 1910.

2. **Same—Proof—Evidence.**

Under section 4959, Rev. Laws 1910, in all civil actions to recover damages for libel or slander, it shall be sufficient for the plaintiff to establish what the defamatory matter was, and that it was published or spoken of the plaintiff, and to allege any general or special damage caused thereby, and in order for him to recover it is only necessary for him to prove that the matter was spoken or published by the defendant concerning him. The evidence in this case examined, and held, that it was error for the trial court to sustain a demurrer to the evidence offered by the plaintiff below.

3. **Same—Issues and Proof—Defenses.**

In such actions the defendant may deny and offer evidence to disprove the charges made, or he may prove that the matter charged as defamatory was true, and in certain cases that it was published or spoken under such circumstances as to render it a privileged communication.

(Syllabus by Hooker, C.)

Error from District Court, Hughes County; Geo. C. Crump, Judge.

Action by Wallace Dawkins, by next friend, L. G. Dawkins, against A. L. Billingsley. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

Guy L. Andrews, for plaintiff in error.

W. T. Anglin and J. L. Skinner, for defendant in error.

Opinion by HOOKER, C. This is an action for libel. The evidence presented by the plaintiff in error, to which a demurrer was sustained by the trial court, established: That Billingsley was the principal of a district school in which Wallace Dawkins was a pupil. That Billingsley, as such teacher, kept a register of the daily attendance and grades of pupils attending said school, and at the close of the term Billingsley caused the register to be delivered to the clerk of the school board of said district, which register was afterwards seen by various persons, and upon said register there had been written by said Billingsley, as a report of the attendance and grade of Wallace Dawkins, these words. "Drag all the time." "Ruined by tobacco and whisky." That the plaintiff in error never drank any whisky in his life, and only used tobacco occasionally and in moderate form. That young Dawkins was a boy of good habits, of average intelligence, and fairly studious. That no report concerning him was made by

Billingsley to the board or to his parents during the school term. Plaintiff in error asserts that the trial court should not have sustained the demurrer to the evidence, while the defendant in error contends that, inasmuch as there was no malice upon the part of the defendant below, and the publication being a qualified privilege, the trial court did not err.

Section 7828, Rev. Laws 1910, requires all teachers of district school in this state to keep a register, and members of the school board to visit the school and examine that register. The other provisions of the statute require pupils of certain ages, in all districts of this state, to attend school so many months in the year, and the plain provision of this statute requiring teachers to keep registers and members of the school board to examine that register is for the purpose of enabling members of the school board to ascertain whether the pupils in the district are attending school the required time, and thereby gives them an opportunity to examine into and ascertain the cause of the absence of said pupils from the school, and to enforce the law with reference to the attendance thereat. It is clearly the duty of the teacher to enter into this register a full, fair, complete, and true report of the attendance and grades of the pupils; but he has no right to enter therein any defamatory matter concerning any of his pupils, and, if he does so, he is not protected by the statute.

Section 4958, Rev. Laws 1910, defines what is a privileged publication or communication, and this court, in the case of German-American Ins. Co. v. Huntley, 62 Okla. 39, 161 Pac. 815, in construing this provision of the statute, says:

"It seems clear that the legislative intention was to recognize two classes of privileged publications, viz.: (1) Those where the occasions designated, regardless of malice, constitute an absolute excuse and preclude recovery of damages; and (2) those in which the circumstances of the defamatory publication, together with testimony, rebut the presumption of malice, thus affording a conditional excuse. The first three paragraphs of the foregoing section specifically enumerate those occasions upon which absolute privilege attends a defamatory publication, and in this respect may be said to be exclusive. The fourth paragraph, however, is general in terms, comprehending 'all cases' where the occasion of such a publication is not absolutely privileged, and provides that malice shall be presumed therefrom, unless the fact and the testimony rebut the same. * * *"

We are of the opinion that the publication complained of here does not come within either provision of this statute, and, if untrue, that it is a false and malicious, unprivileged publication by writing, which tends to deprive the plaintiff in error of public confidence and injure him.

Section 4959, Rev. Laws 1910, provides:

"In all civil actions to recover damages for libel or slander, it shall be sufficient to state generally what the defamatory matter was, and that it was published or spoken of the plaintiff, and to allege any general or special damage caused thereby and the plaintiff to recover shall only be held to prove that the matter was published or spoken by the defendant concerning the plaintiff. As a defense thereto the defendant may deny and offer evidence to disprove the charges made, or he may prove that the matter charged as defamatory was true, and in addition thereto, that it was published or spoken under such circumstances as to render it a privileged communication."

In 25 Cyc. 259, it is said:

"Publications imputing mere impairment of mental faculties or intellectual weakness not amounting to insanity are libelous per se"—citing Morse v. Times-R. Printing Co., 124 Iowa, 707, 100 N. W. 867; Belknap v. Ball, 83 Mich. 583, 47 N. W. 674, 11 L. R. A. 72, 21 Am. St. Rep. 622; Wood v. Boyle, 177 Pa. 620, 35 Atl. 853, 55 Am. St. Rep. 747; Candrian v. Miller, 98 Wis. 164, 73 N. W. 1004.

And on page 260 thereof it is said:

"A written or printed publication imputing roguery, rascality, or general depravity, which carries with it a charge of moral turpitude and degradation of character, the natural tendency of which is to hold the party up to contempt and expose him to the reprobation of the virtuous and honorable, is libelous per se."

And it has been held libelous to charge one with being a drunkard. See cases cited in the notes.

Applying the rule announced in this section of the statute to the case at bar, we must hold that the trial court committed an error in sustaining a demurrer offered by the defendant to the plaintiff's evidence. The evidence here clearly established that the words written by the defendant below concerning the plaintiff were defamatory, and, the same being within the class designated as a privileged publication, the evidence was sufficient to take the case to the jury.

The judgment of the lower court is therefore reversed, and this cause remanded for a new trial.

By the Court: It is so ordered.