Clark **HETHERINGTON**, Plaintiff,

v.

**GRIFFIN TELEVISION, INC.,** an Oklahoma Corporation, and Vicki Monks, Defendants.

**No. CIV–76–0212–T.**

United States District Court, W. D. Oklahoma.

March 30, 1977.

Lankford & Dill, Inc., Norman, Okl., and Jack S. Dawson, Oklahoma City, Okl., for plaintiff.

Roy J. Davis of Andrews, Mosburg, Davis, Elam, Legg & Bixler, Oklahoma City, Okl., for both defendants.

## MEMORANDUM ORDER OF REMAND

THOMPSON, District Judge.

The plaintiff brought this action seeking damages for libel in the Oklahoma State District Court in Cleveland County, Oklahoma. It was removed here by the defendants and the plaintiff has filed a Motion to Remand.

The plaintiff is a local businessman. Defendant Griffin Television, Inc. operates Channel 9 KWTV Television Station in Oklahoma City. Defendant Vicki Monks is a reporter and broadcaster at the television station. The plaintiff alleges that the defendants, acting in concert, composed and publicly broadcast false and defamatory matter over KWTV Television Station on the six o'clock and ten o'clock news programs on June 30, 1975. The plaintiff has attached a transcript of these broadcasts to his petition as "Exhibit A". The petition states that the defendants made additional false and defamatory statements in a news

broadcast on July 1, 1975, the text of which is attached to the petition as "Exhibit B".

The defendants assert that removal is proper under 28 U.S.C. § 1441(b) and 28 U.S.C. § 1443. In regard to section 1441(b), the defendants maintain that the construction of a federal statute will form an essential part of the determination of the truth of the broadcast statements and therefore this is a case or controversy arising under the Constitution or laws of the United States. The defendants also claim that their civil rights under the First and Fourteenth Amendments to the United States Constitution are in jeopardy and that this Court should assume removal jurisdiction under 28 U.S.C. § 1443.

### Federal Question

■ For removal to be proper under 28 U.S.C. § 1441(b), there must be present in the case a federal question within the meaning of 28 U.S.C. § 1331. Therefore, to be removable, the case must be one arising under the Constitution or laws of the United States. To so arise a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. *Gully v. First National Bank*, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936); *Seneca Nursing Home v. Kansas State Bd. of Social Welfare*, 490 F.2d 1324 (10th Cir. 1974); *Denver Union Stock Yard Company v. Litvak Meat Company*, 295 F.Supp. 809 (D.Colo.1968); and *Gray v. Oklahoma Land & Cattle Co.*, 240 F.Supp. 646 (N.D.Okl. 1965). The right or immunity must be such that it will be supported if the Constitution or laws of the United States are given one construction or effect, and defeated if they are given another. *Gully v. First National Bank*, supra; *Bell v. Hood*, 327 U.S. 678, 66 S.Ct. 773, 90 L.Ed. 939 (1946); and *United Gas Pipeline Company v. Brown*, 207 F.Supp. 139 (E.D.La.1962). A genuine and present controversy, not merely a possible or conjectural one, must exist with reference to the construction of the right or immunity. *Gully v. First National Bank*, supra; *Shulthis v. McDougal*, 225 U.S. 561, 569, 32 S.Ct. 704, 56 L.Ed. 1205 (1912); *State of Okl. ex rel. Wilson v. Blankenship*, 447 F.2d 687 (10th Cir. 1971); *Chambers-Liberty Counties Nav. Dist. v. Parker Brothers & Co.*, 263 F.Supp. 602, 606 (S.D. Tex.1967). The controversy must be disclosed upon the face of the complaint, unaided by the answer or the petition for removal. *Gully v. First National Bank*, supra; *Crow v. Wyoming Timber Products Co.*, 424 F.2d 93 (10th Cir. 1970); *Ashley v. Southwestern Bell Tel. Co.*, 410 F.Supp. 1389 (W.D.Tex.1976); and *Columbia Pictures Corp. v. Town Theatre Corp.*, 282 F.Supp. 467 (E.D.Wis.1968).

■ Matters which are asserted, or which are anticipated to be asserted, in defense to the plaintiff's cause of action are not to be considered in determining federal question jurisdiction. In fact, the complaint or petition will not be looked to for the establishment of a basis of jurisdiction to the extent it goes beyond a statement of the cause of action and anticipates and meets in advance a probable defense.[1] *Gully v. First National Bank*, supra; *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950); *Lovely v. Laliberte*, 498 F.2d 1261 (1st Cir. 1974); and *Gardner v. Clark Oil & Refining Corp.*, 383 F.Supp. 151 (E.D.Wis.1974).[2]

■ An understanding of the import of the words "arising under" is highly important in determination of federal question jurisdiction. The substantive law which creates or gives rise to the cause of action is what law the case or controversy arises under. *American Well Works Co. v. Layne and Bowler Co.*, 241 U.S. 257, 36 S.Ct. 585, 60 L.Ed. 987 (1916); *Tennessee v. Union & Planters' Bank*, 152 U.S. 454, 462, 14 S.Ct.

---

1. The only statute providing for removal based upon a federal constitutional defense is 28 U.S.C. § 1443. It has been severely limited by the Supreme Court. *City of Greenwood v. Peacock*, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966). Section 1443 will be discussed later in this opinion in relation to the defendants' civil rights claim.

2. *Gardner* involves an anti-trust defense to common law trademark infringement.

654, 38 L.Ed. 511 (1894); *Bailey v. Logan Square Typographers, Inc.*, 441 F.2d 47 (7th Cir. 1971); and *Andersen v. Bingham & G. Ry. Co.*, 169 F.2d 328 (10th Cir. 1948).

In *American Well Works Co. v. Layne and Bowler Co.*, supra, the United States Supreme Court, speaking through Mr. Justice Holmes, held:

> "A suit for damages to business caused by a threat to sue under the patent law is not itself a suit under the patent law. And the same is true when the damage is caused by a statement of fact,—that the defendant has a patent which is infringed. What makes the defendant's act a wrong is its manifest tendency to injure the plaintiff's business; and the wrong is the same whatever the means by which it is accomplished. But whether it is a wrong or not depends upon the law of the state where the act is done, not upon the patent law, and therefore the suit arises under the law of the state. A suit arises under the law that creates the cause of action. The fact that the justification may involve the validity and infringement of a patent is no more material to the question under what law the suit is brought than it would be in an action of contract." [3]

The case of *Andersen v. Bingham & G. Ry. Co.*, supra, involved an automobile-train collision wherein the plaintiff claimed as one ground of negligence that the defendant had violated section 1 of the Safety Appliance Act, as amended, 45 U.S.C. § 1. The defendant sought removal arguing that the case was one arising under the Safety Appliance Act and there was the requisite amount in controversy. The court concluded that although the Act established a duty and created correlative rights in favor of injured persons, actions to enforce those rights arose either under the statutory or common law of the state. It was held in *Pan Am. Corp. v. Superior Court*, 366 U.S. 656, 663, 81 S.Ct. 1303, 6 L.Ed.2d 584 (1961) and *Denver Union Stock Yard Company v. Litvak Meat Company*, supra, that a state court action brought on contract will not be made removable merely by the existence of a scheme of federal regulation which will affect the validity of the contract, or some provision thereof.

Upon close examination, the plaintiff's petition does not set forth a cause of action arising under the Constitution or laws of the United States. What the petition does set forth is a common law cause of action for defamation or libel.[4] The common law of libel and slander has been codified by the Oklahoma Legislature at 12 O.S.1971 §§ 1441 through 1447.5. It is this Oklahoma law which gives rise to a cause of action for libel. The plaintiff's action is therefore one arising under Oklahoma law.

---

**3.** 241 U.S. 259–260, 36 S.Ct. 586.

**4.** The relevant portions of the plaintiff's petition read as follows:

IV.

"That the matter broadcast by said Defendants alleged by direct statement and by inference that Plaintiff had violated federal law and that he was employing Mexicans in this country illegally; that Plaintiff 'had it fixed' with the Norman Police Chief and was guilty of obstruction of justice; that Plaintiff had hired illegal aliens, which was alleged by Defendants to be a felony offense; that Plaintiff was guilty of conspiracy; and that said Defendants thereupon took the credit for the subsequent injuries suffered by the Plaintiff and which directly resulted from said original broadcast mentioned in paragraph 2 above.

V.

"That the facts stated in the broadcast mentioned above were wholly false in that the broadcast alleged that certain ranchers, therein named as Clark Hetherington and Bob Moore, were guilty of a felony in hiring illegal aliens of Mexican nationality and in violating federal law, when in truth and in fact no offense whatever occurred in the hiring of said persons and that this Plaintiff did not in fact hire said persons; that said matter alleged and stated that Plaintiff was guilty of obstruction of justice and conspiracy in 'having it fixed' with Police Chief Bill Henslee, by encouraging him to instruct his officers not to go upon the premises of said private citizens for the purpose of arresting said illegal aliens, when, in truth and in fact, said instructions were lawfully correct to the end that local police officers were not lawfully authorized to arrest said aliens on private property under the facts and circumstances alleged in said broadcast."

The defendants allege that the plaintiff's case turns upon a construction of 8 U.S.C. § 1324.[5] The defendants state in their brief and response to the plaintiff's Motion to Remand that the plaintiff's "claim for recovery is based upon being falsely accused of a felony offense under federal law in the employment of illegal aliens." The defendants also assert, "It is plaintiff's burden to prove falsity and that burden will be determined by construction of the federal law . . . ."[6]

■■■ Contrary to the defendant's assertion, truth is an affirmative defense. The burden of proving truth rests upon the defendant.[7]   12 O.S.1971 §§ 304 and 1444. *Martin v. Griffin Television, Inc.*, 549 P.2d 85 (Okl.1976), and *Dawkins v. Billingsley*, 69 Okl. 259, 172 P. 69 (1918). The elements of the plaintiff's case involve showing what the defamatory matter was, that it was broadcast, published or spoken of the plaintiff, the failure of the broadcaster to exercise ordinary care and that damage flowed from the defamatory broadcast.   12 O.S. 1971 §§ 303 and 1444. *Martin v. Griffin Television, Inc.,* supra.   Additionally, the plaintiff's case would include the showing of actual malice in support of any effort to recover presumed damages or punitive damages.   *Gertz v. Robert Welch, Inc.,* 418 U.S. 323, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974).

It is undeniable that the federal law, which establishes a criminal penalty for the harboring of aliens illegally in this country, will play an important role in the trial of this case. In every libel case where one party has imputed the commission of a crime to another and the imputing party chooses to defend by showing the truth of the statement, the language of the criminal statute must be read in light of the actions of the party to whom the crime has been imputed.

■■■ None of the briefs in this case show how the plaintiff would read 8 U.S.C. § 1324 any differently than would the defendants. It appears that there is more of a factual controversy concerning whether the plaintiff's acts constitute a violation of this section than a legal question involving the true meaning of the statute. The fed-

---

5. 8 U.S.C. § 1324
   "(a) Any person, including the owner, operator, pilot, master, commanding officer, agent, or consignee of any means of transportation who—
   \*  \*  \*  \*  \*  \*
   "(3) willfully or knowingly conceals, harbors or shields from detection, or attempts to conceal, harbor, or shield from detection, in any place, including any building or any means of transportation; or
   "(4) willfully or knowingly encourages or induces or attempts to encourage or induce, either directly or indirectly, the entry into the United States of—any alien, including an alien crewman, not duly admitted by an immigration officer or not lawfully entitled to enter or reside within the United States under the terms of this Act or any other law relating to the immigration or expulsion of aliens, shall be guilty of a felony, and upon conviction thereof shall be punished by a fine not exceeding $2,000 or by imprisonment for a term not exceeding five years, or both, for each alien in respect to whom any violation of this subsection occurs: Provided, however, That for the purposes of this section, employment (including the usual and normal practices incident to employment) shall not be deemed to constitute harboring.

   "(b) No officer or person shall have authority to make any arrest for a violation of any provision of this section except officers and employees of the Service designated by the Attorney General, either individually or as a member of a class, and all other officers whose duty it is to enforce criminal laws."

6. It should be noted at this point that the statements in the broadcast regarding the plaintiff being guilty of a federal crime in hiring of aliens not legally in this country is not the only portion of the broadcast upon which the plaintiff brings this lawsuit. The plaintiff is also seeking recovery for damages which allegedly flow from the imputation that he is guilty of conspiracy to obstruct justice through an arrangement whereby the Norman Police Department "look the other way". It also appears from the petition that there will be a factual issue involving whether the plaintiff in fact hired such persons.

7. The defendants in their brief also raise questions of privilege. These issues as well are elements of defense and the burden of establishing them is on the defendants.   12 O.S.1971 § 1444.

eral question which would form the basis for removal jurisdiction must be a question of law—not of fact. *Chambers-Liberty Counties Nav. Dist. v. Parker Brothers and Co., Inc.*, 263 F.Supp. 602, 606 (S.D.Tex. 1967). The state courts are competent to read and construe a federal statute as a collateral part of the trial of a purely state cause of action.

### Civil Rights Claim

The defendants also assert that a retraction was demanded in this case pursuant to 12 O.S.1971 § 1447.5.[8] They state that they were placed in the perilous position of having to broadcast the retraction which contained plaintiff's interpretation of the federal statute or be sued. The defendants' position is that the demanded retraction and the statute providing the right to demand the retraction are violations of their rights under the Fourteenth Amendment and especially the First Amendment to the United States Constitution.

■ They argue that this is another aspect of the case where federal law is involved, and that this constitutional question makes this case one arising under the Constitution or laws of the United States. However, this assertion is less a part of the plaintiff's case than is the construction of 8 U.S.C. § 1324. It is a matter of defense or mitigation of damages in that the printing of the retraction would have reduced the

damages recoverable and to show a constitutionally-based reason for not airing the retraction may conceivably achieve a like result. It could at least avoid any harshness which may flow from the failure to broadcast the retraction. See 12 O.S.1971 § 1446a. State courts, too, are competent to hear defenses based upon rights derived from the federal constitution. *Robb v. Connolly*, 111 U.S. 624, 4 S.Ct. 544, 28 L.Ed. 542 (1884) and *Lovely v. Laliberte*, 498 F.2d 1261 (1st Cir. 1974).

The more serious thrust of the defendants' argument is that this Court should assume jurisdiction pursuant to 28 U.S.C. § 1443 to provide a forum wherein they can enforce their constitutional rights.[9]

■ Broad contentions, such as these, under the First Amendment and the Fourteenth Amendment do not support a valid claim for removal under section 1443. This is so because the guarantees of these clauses are phrased in terms of general application available to all persons. The law providing for "equal civil rights" that is contemplated by section 1443 is one having specific language providing for racial equality. *Georgia v. Rachel*, 384 U.S. 780, 792, 86 S.Ct. 1783, 16 L.Ed.2d 925 (1966). The Court concludes that the defendants have failed to demonstrate that the rights claimed arise under a law that falls within section 1443.

---

8. 12 O.S.1971 § 1447.5
    "If any broadcasting station, at any time, broadcasts, publishes, or circulates any false statement, allegation or rumor pertaining or relating to any individual or association of individuals, or to any trade, labor business, social, economic or religious organization or to any firm, corporation or business or to any public official or candidate for a public office, the said broadcasting station upon demand of any person or persons affected or their representatives, shall broadcast, without charge, any statement setting forth in proper language the truth pertaining to such statement, allegation, or rumor, which said person or persons or their representatives shall offer to said broadcasting station for broadcast. Provided, that the truth statement shall be broadcast as many times as the untrue statement was broadcast. Provided further, that the truth statement shall be broadcast at a

like or comparable time in the daily routine as was the untrue statement."

9. 28 U.S.C. § 1443
    "Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
    "(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
    "(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.."

■ Additionally, section 1443 requires that one show that he has been denied, or cannot enforce, the right created by the civil rights law, in the state court. The purpose of this additional requirement is to give state courts the power and opportunity to correct alleged denials of civil rights whenever possible, and thereby to avoid the unnecessary federal interference with the state judicial process. Wright, Miller and Cooper, *Federal Practice and Procedure: Jurisdiction*, § 3728.

■ There is no indication in the briefs that the Oklahoma courts have had an opportunity to construe this statute. This Court, through its own research, was unable to find any case wherein the Oklahoma Supreme Court has had an opportunity to review the statute and the argument here put forward by counsel. It would be improper for this Court to grant removal under section 1443 for the purpose of reviewing a state law until the courts of this state have had an opportunity to examine that law. Since, until the state courts have had an opportunity to construe the statute, there exists no basis upon which to find that the defendants will be unable to enforce their constitutional rights in the Oklahoma courts, the elements for removal under section 1443 are not established.

The comments of Justice Harlan in *Gibson v. State of Mississippi*, 162 U.S. 565, at 586, 16 S.Ct. 904, at 908, 40 L.Ed. 1075 (1896) are very appropriate here.

"As the judges of the state courts take an oath to support the Constitution of the United States as well as the laws enacted in pursuance thereof, and as that Constitution and those laws are of supreme authority, anything in the Constitution or laws of any state to the contrary notwithstanding, 'upon the state courts equally with the courts of the Union rests the obligation to guard, enforce, and protect every right granted or secured by the Constitution of the United States and the laws made in pursuance thereof, whenever those rights are involved in any suit or proceeding before them;' and 'if they fail therein, and withhold or deny rights, privileges, or immunities secured by the Constitution and laws of the United States, the party aggrieved may bring the case from the highest court of the state in which the question could be decided to this Court for final conclusive determination.' *Robb v. Connolly*, 111 U.S. 624, 637 [, 4 S.Ct. 544, 28 L.Ed. 542]."

### Conclusion

■ The Court is firmly of the conclusion that whatever federal questions exist in this case are not essential elements to the plaintiff's cause of action. To the extent that it is necessary to construe a federal statute in order to determine the merits of the defense of truth in this case, the state courts are competent to read and apply federal law. The Court further concludes that there is no established basis upon which to conclude that the defendants will be unable to enforce their rights under the United States Constitution in the state court.

Therefore, removal of this case under either section 1441 or section 1443 is improper. This case is ordered to be remanded to the Court from which it was removed.