Vicki MONKS, an Individual, and Griffin Television, Inc., an Oklahoma Corporation, Plaintiffs,

v.

Clark HETHERINGTON, an Individual, Defendant.

No. CIV–76–0148–T.

United States District Court, W. D. Oklahoma.

March 30, 1977.

John R. Cain, Oklahoma City, Okl., for Monks.

Roy J. Davis of Andrews, Mosburg, Davis, Elam, Legg & Bixler, Oklahoma City, Okl., for Griffin Television, Inc.

Lankford & Dill, Norman, Okl., and Jack S. Dawson, Oklahoma City, Okl., for defendant.

## ORDER OF DISMISSAL

RALPH G. THOMPSON, District Judge.

Plaintiffs have brought this action asserting that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1343 and 1331. Through section 1343 they wish to pursue an action founded upon 42 U.S.C. § 1983 for an alleged deprivation of civil rights under color of state law. Section 1331 is urged as a basis for jurisdiction for declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

Defendant has moved to dismiss pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, for lack of subject matter jurisdiction and for the failure to state a claim upon which relief can be granted.

The complaint sets forth that on February 5, 1976, the plaintiff television station received a demand for a retraction pursuant to 12 O.S.1971 §§ 1446a and 1447.5. The plaintiffs maintain that the broadcast was true and asserted that to the extent the broadcast accused the defendant of violating a federal criminal statute that this lawsuit involves the construction of that statute and that this case is, therefore, one arising under the Constitution or laws of the United States. The plaintiffs further assert that the defendant by threatening an action for defamation was attempting to deprive them of their constitutional rights. The plaintiffs pray for a declaratory judgment that they are not required to retract the statements made in their broadcast.

The operation of the Declaratory Judgment Act is procedural only. *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 240, 57 S.Ct. 461, 81 L.Ed. 617 (1937). Congress enlarged the range of remedies available in the federal courts by passing the Declaratory Judgment Act, but it did not extend subject matter jurisdiction. Thus, there must be an independent basis of jurisdiction, under statutes equally applicable to actions for coercive relief, before a federal court may entertain a declaratory judgment action. Wright and Miller, *Federal Practice and Procedure: Civil*, § 2766. The threatened action here would be one for defamation and the issues presented in the complaint in an effort to show the presence of a federal question would be matters of defense in that action. This Court is there-

fore without subject matter jurisdiction in this case. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1950). For a more complete discussion of this issue, see the Memorandum Order of Remand issued this same day in *Hetherington v. Monks and Griffin Television, Inc.*, D.C., 430 F.Supp. 493. The Court in that case was dealing with this same fact situation. For the purposes of our discussion here, the words of Justice Jackson in *Public Service Commission of Utah v. Wycoff Company, Inc.*, 344 U.S. 237 (1952) at 248, 73 S.Ct. 236, at 242, 97 L.Ed. 291, are sufficient. He said:

> "Where the complaint in an action for declaratory judgment seeks in essence to assert a defense to an impending or threatened state court action, it is the character of the threatened action, and not of the defense, which will determine whether there is federal-question jurisdiction in the District Court. If the cause of action, which the declaratory defendant threatens to assert, does not itself involve a claim under federal law, it is doubtful if a federal court may entertain an action for a declaratory judgment establishing a defense to that claim. This is dubious even though the declaratory complaint sets forth a claim of federal right, if that right is in reality in the nature of a defense to a threatened cause of action."

The plaintiffs seek no separate relief under 28 U.S.C. § 1343 and 42 U.S.C. § 1983. The jurisdiction which is derived from 28 U.S.C. § 1343(3) was intended to provide for redress against state action and primarily that which discriminated against individuals within the jurisdiction of the United States. It was not intended to have the effect of taking into federal control the protection of private rights against invasion by private individuals. Any extent to which the defendant is seeking to deprive the plaintiffs of their constitutional rights through his actions which assertedly are under color of state law, is a matter which can be fully litigated in the state court action which has already been brought by this defendant for defamation. In that the relief sought pursuant to section 1343 is also declaratory, the question of whether this action should be maintained is not only jurisdictional but also discretionary. An action for declaratory judgment should be entertained when it will (1) serve the useful purpose of clarifying and settling legal relations and issues and (2) when it will terminate and afford relief from uncertainty, insecurity and controversy giving rise to the proceeding. When there is a separate action pending which may settle the questions an action for declaratory judgment need not be entertained. *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942).

For the reasons set forth above, this action is dismissed.