Vicki **MONKS**, an Individual and Griffin Television, Inc., an Oklahoma Corporation, Plaintiffs-Appellants,

v.

Clark **HETHERINGTON**, an Individual, Defendant-Appellee.

No. 77–1342.

United States Court of Appeals, Tenth Circuit.

Submitted March 6, 1978.

Decided March 30, 1978.

Robert D. Nelon and Roy J. Davis of Andrews, Mosburg, Davis, Elam, Legg & Bixler, Inc., Oklahoma City, Okl., and John R. Cain, Oklahoma City, Okl., for plaintiffs-appellants.

Before LEWIS, BARRETT and DOYLE, Circuit Judges.

WILLIAM E. DOYLE, Circuit Judge.

This is a Calendar C action.

The issue is a jurisdictional one. It is whether there is federal jurisdiction to entertain a declaratory judgment action which draws into question the immunity from suit of the agents of a broadcasting station who have been sued for defamation. It also challenges as unconstitutional an Oklahoma statute which requires the sta-

tion to broadcast an acknowledgment of the falsity of the subject matter of a previous broadcast.

The subject declaratory judgment was filed in federal court by plaintiffs-appellants, Vicki Monks, a reporter and broadcaster for Channel 9 KWTV Television, and the owner of the station, Griffin Television, Inc.

On June 30, 1975, Vicki Monks broadcast certain allegedly false and defamatory statements concerning the defendant-appellee, Clark Hetherington, over the Channel 9 station in Oklahoma City. Hetherington demanded a retraction pursuant to the above-mentioned Oklahoma statute, Okla. Stat. Title 12 § 1447.5 (1971). Vicki Monks and Griffin Television, Inc. then filed a declaratory action pursuant to 28 U.S.C.A. §§ 2201–2202 (1959 & Supp.1977). In their complaint the plaintiffs sought declaratory judgment that under the First Amendment to the Constitution of the United States and applicable federal statutes, they could not be required to retract the statements which they had broadcast.

Soon after the declaratory action was filed, Hetherington brought an action in state court seeking damages for defamation. Thereupon, Ms. Monks and Griffin Television, Inc. removed the action to the United States District Court for the Western District of Oklahoma, but on Hetherington's motion the libel suit was remanded to state court because of lack of federal jurisdiction. See Hetherington v. Griffin Television, Inc., 430 F.Supp. 493 (W.D.Okl. 1977). On the same day the motion of Hetherington to dismiss the declaratory judgment complaint was granted for lack of jurisdiction. Monks v. Hetherington, 430 F.Supp. 491 (W.D.Okl.1977).

As noted, the issue to be determined is whether the federal court had jurisdiction over the subject matter of the declaratory judgment action. The alleged jurisdictional basis for the declaratory judgment action appearing on the face of the complaint was 28 U.S.C.A. § 1331(a) (Supp.1977) and 28 U.S.C. § 1343(3) (1970). Section 1331(a) declares that:

The district courts shall have original jurisdiction of all civil actions wherein the matter in controversy exceeds the sum or value of $10,000, exclusive of interest and costs, and arises under the Constitution, laws, or treaties of the United States. . . .

■ The complaint also invokes the First Amendment as a basis for jurisdiction. The underlying controversy here is the defamation action. This, of course, arises under state law and plainly there is no federal jurisdiction as to this. The fact that the defendants in that action, Vicki Monks and Griffin Television, Inc., seek to advance the First Amendment as a defense does not constitute a basis for federal jurisdiction, for it is fundamental that anticipation of a defense cannot confer jurisdiction. The likelihood or even probability that a defense based on federal jurisdiction will arise in an action does not satisfy the requirement that federal jurisdiction be described in the plaintiff's complaint. See Gully v. First National Bank, 299 U.S. 109, 57 S.Ct. 96, 81 L.Ed. 70 (1936); Louisville & Nashville Railroad v. Mottley, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908).

As to the reliance on the Federal Constitution, we note that in a limited group of cases a federal remedy is implied where none has been provided for and federal jurisdiction is given in such a case. See, for example, Bivens v. Six Unknown Named Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). In situations in which there has not been a specific recognition of jurisdiction by the Supreme Court, the conclusion has been that no federal remedy is to be implied when the sole remedy is that provided by state law. See, for example, Wheeldin v. Wheeler, 373 U.S. 647, 83 S.Ct. 1441, 10 L.Ed.2d 605 (1963). Here, of course, there is a lack of federal action since the controversy is between private parties.

■ In the case at bar the appellants seek to use the declaratory judgment action to convert the libel action which exists under state law only to a federal question controversy. The problem is, however, that

the declaratory judgment act does not confer jurisdiction. It is always viewed as being procedural or remedial only. It does not contribute to the scope of the jurisdiction of the federal courts. This is clear from the Supreme Court's decision in *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671, 70 S.Ct. 876, 94 L.Ed. 1194 (1950). Also, in the Supreme Court's decision in *Public Service Commission v. Wycoff Co.*, 344 U.S. 237, 248, 73 S.Ct. 236, 242, 97 L.Ed. 291 (1952) the question as to the effect of the declaratory judgment action was discussed and it was there said that:

> * * * it is doubtful if a federal court may entertain an action for a declaratory judgment establishing a defense to that claim. This is dubious even though the declaratory complaint sets forth a claim of federal right, if that right is in reality in the nature of a defense to a threatened cause of action.

We have had occasion to consider the specific problem of declaratory judgment anticipating a defense in a non-federal case in *Chandler v. O'Bryan*, 445 F.2d 1045, 1055–56 (10th Cir. 1971), cert. denied, 405 U.S. 964, 92 S.Ct. 1176, 31 L.Ed.2d 241 (1972). There Judge Chandler sought declaratory relief that he was judicially immune from the libel action pending against him in state court and arising under state law. The immunity defense was based on federal law. Our ruling was that since the assertion of judicial immunity was "in reality in the nature of a defense" to the libel action, there was no federal jurisdiction.

Professor Wright in the *Law of Federal Courts* (3d ed.), p. 71, favors the view which would permit a declaratory judgment action to be filed for the purpose of obtaining a declaration of immunity in a non-federal claim based upon federal law. Professor Wright concedes, however, that although there is limited precedent for this broad approach, the Supreme Court cases contain strong language which renders it extremely doubtful whether such a view will ever receive judicial acceptance. He quotes from *Skelly Oil Co. v. Phillips Petroleum Co., supra*, and *Public Service Commission v. Wycoff Co., supra*, in which the tradition-

al view is declared that a party cannot by artful pleading anticipate a defense based on federal law and thus bring within federal jurisdiction an action that could not otherwise be heard in federal court.

The plaintiff's reliance on 28 U.S.C. § 1343(3) (1970), which furnishes a remedy for federal civil rights violations under color of state law, is also lacking in merit because § 1343(3) does not add to federal jurisdiction except in cases in which less than $10,000 is in controversy. *See Lynch v. Household Finance Corp.*, 405 U.S. 538, 546–52, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972); 13 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3573, at 500 (1975). Also, this section is limited to cases involving state action, which means deprivation of right by a state officer under the authority or pretended authority of state law. *See Winterhalter v. Three Rivers Motors Co.*, 312 F.Supp. 962, 963 (W.D. Pa.1970). There is no demonstration of state action and, therefore, no basis for civil rights jurisdiction in the case at bar.

We conclude that the district court ruled correctly in its dismissal of the present action. The issue of the validity of the remand to the state court of the libel action is not before us.