**SOUTHERN TRUST INSURANCE COMPANY, Plaintiff,**

v.

**Charles W. GRINER, Defendant.**

**Civ. A. No. CV682–032.**

United States District Court, S.D. Georgia, Swainsboro Division.

Sept. 21, 1982.

Rufus D. Sams, III, Jones, Cork, Miller & Benton, Macon, Ga., A. Montague Miller, Augusta, Ga., for plaintiff.

Susan Warren Cox and Gerald M. Edenfield, Allen, Brown, Wright & Edenfield, Statesboro, Ga., for defendant.

ORDER

BOWEN, District Judge.

The instant action is one for declaratory relief precipitated by the Georgia Court of Appeals' decision in *Jones v. State Farm Mutual Automobile Insurance Company,* 156 Ga.App. 230, 274 S.E.2d 623 (1980).[1] In

---

1. In a nutshell, the *Jones* decision held that an insurance company's failure to comply with the requirements of Ga.Code Ann. § 56–3404b re-

this case, plaintiff Southern Trust Insurance Company issued in February, 1975, to defendant Charles W. Griner as automobile liability and personal injury protection insurance policy. The policy provided for personal injury protection in the amount of $25,000.00 and was in full force and effect when the defendant was injured in an automobile accident on August 9, 1980. Subsequent to the accident, defendant, tendering the additional premium, demanded plaintiff increase his PIP protection to $50,000.00 retroactive to a date preceding the accident, and pay him the difference of the two levels of coverage.

Plaintiff filed this action seeking a judicial declaration that the defendant is not entitled to the additional coverage because he had been given an opportunity to reject or accept the $50,000.00 PIP coverage which he rejected, choosing instead the $25,000.00 coverage. The plaintiff further seeks a judgment declaring that plaintiff has complied with the requirements of Ga.Code Ann. § 56–3404b and is not required to retroactively extend any additional benefits or options. Presently before the Court is defendant's motion to dismiss the action for lack of subject matter jurisdiction.

■ Although plaintiff's complaint is filed pursuant to 28 U.S.C. § 2201, the declaratory judgment statute, it is well settled that this statute is not jurisdictional, and that plaintiff must show that its complaint falls within the ambit of a jurisdictional statute. *Appling County v. Municipal Electric Authority of Georgia,* 621 F.2d 1301, 1303 (5th Cir.1980) (*cert. denied,* 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474 (1980)). Plaintiff alleges that the court may exercise subject matter jurisdiction pursuant to 28 U.S.C. § 1331, federal question jurisdic-

tion,[2] since the complaint shows the controversy between the parties involves state law or laws which violate provisions of the federal constitution. In sum, plaintiff contends Georgia's no-fault insurance statute, specifically Ga.Code Ann. § 56–3404b, as construed and applied by the *Jones* court is constitutionally defective. The plaintiff's federal[3] constitutional claims entail:

   a) Impairment of contract (U.S.Const. art. I, § 10);

   b) Denial of due process (U.S.Const. amend. V, XIV);

   c) Denial of equal protection of law (U.S. Const. amend. XIV);

   d) Vagueness (U.S.Const. amend. XIV).

The question thus raised is whether these claims provide the Court with federal question jurisdiction. The answer to this question must be in the negative.

■ The underlying controversy in this case involves matters purely of state law. Defendant's potential complaint, as foreshadowed by his counterclaim, rests strictly upon state insurance law. Nowhere does it appear that a federal question will be raised. Within the framework of a declaratory judgment action, the gauge for determining the existence of federal question jurisdiction is the character of the potential suit. *Public Services Commission of Utah v. Wycoff Company, Inc.,* 344 U.S. 237, 248, 73 S.Ct. 236, 242, 97 L.Ed. 291 (1952). Moreover, where the alleged federal right is in reality a defense, a declaratory judgment action cannot be employed to advance that defense in anticipation of a prospective lawsuit. *Id.* The anticipation of a defense will not confer jurisdiction. *Monks v. Hetherington,* 573 F.2d 1164, 1166 (10th Cir.1978); *Allegheny Airlines Inc. v. Pennsylvania Public Utility Commission,* 465 F.2d 237

---

garding the offer of additional no-fault PIP coverage in automobile policies created a continuing offer of additional PIP protection which could be accepted by the insured by tendering the necessary premium even after the original PIP coverage provided for in the insurance policy had been paid out on a claim. This decision has created a landslide of vigorous and acrimonious litigation in both federal and state courts.

**2.** Diversity jurisdiction, 28 U.S.C. § 1332, is neither alleged nor does it affirmatively appear on the face of the complaint. In fact, the complaint shows the defendant and plaintiff are residents of Georgia.

**3.** Plaintiff also raises violations of the Georgia constitution. These claims are irrelevant to a determination of federal question jurisdiction and will not be recited here.

(3rd Cir.1972). As pointed out by the *Wycoff* Court, federal courts will not appropriate litigation from state courts simply to allow a potential defendant to test his federal defense prior to the initiation of the state law action in state court. 344 U.S. at 248, 73 S.Ct. at 242. The high court recognized that state courts are equally bound to uphold a litigant's federal constitutional rights and that the procedures of review of state court decisions adequately protect the litigant should a state court deny a federal right. *Id.* at 247–48.

Upon review of the plaintiff's claims, it is apparent plaintiff is asserting constitutional defenses to defendant's cause of action. Although plaintiff advances alleged violation of federal constitutional rights, these violations of plaintiff's rights can occur only if the defendant's suit materializes. The rights alleged are in reality defenses to defendant's action and the relief he would most likely seek. Thus, this court is without subject matter jurisdiction over this action in as much as there is no federal question jurisdiction present.

Similarly, the court does not have jurisdiction over the defendant's counterclaim, a state law claim. Once a principal claim is dismissed for lack of jurisdiction an ancillary claim must likewise be dismissed as never having been within the court's jurisdiction. *IMFC Professional, Etc. v. Latin Am. Home Health,* 676 F.2d 152, 159 n. 12 (5th Cir.1982).

Accordingly, the complaint of the plaintiff and the defendant's counterclaim are dismissed for lack of subject matter jurisdiction. Each party to bear their own costs.

Furthermore, the Clerk of Court is hereby ordered to remove from the file and return to the plaintiff a check numbered 13106, payable to Southern Trust Insurance Co., and attached to plaintiff's complaint.