**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 4, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GABRIEL M. ROBLES,

        Plaintiff-Appellant,

v.

STATE FARM INSURANCE; ALEXA
MORENO; MONICA PLAKE,

        Defendants–Appellees.

No. 12-3280
(D.C. No. 5:12-CV-04104-CM)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

This pro se appeal presents implausible jurisdiction arguments. We reject them.

On August 10, 2010, Gabriel Robles[1] was a front seat passenger in a vehicle rear-

ended by Alexa Moreno. Moreno's vehicle was insured by State Farm Insurance

---

[*] The parties have waived oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). This case is submitted for decision on the briefs.

This order and judgment is an unpublished decision, not binding precedent. 10th Cir. R. 32.1(A). Citation to unpublished decisions is not prohibited. Fed. R. App. 32.1. It is appropriate as it relates to law of the case, issue preclusion and claim preclusion. Unpublished decisions may also be cited for their persuasive value. 10th Cir. R. 32.1(A). Citation to an order and judgment must be accompanied by an appropriate parenthetical notation – (unpublished). *Id.*

Company. According to the police report, all participants claimed to be uninjured. Moreno was cited for "Following Too Closely" and "No Proof Of Insurance." (R. at 20.)

Over two years later, on August 29, 2012, Robles filed a pro se complaint against State Farm, Moreno and Monica Plake.[2] He alleged the police at the scene of the accident falsely informed him Moreno was uninsured (based on Moreno's lies to the police) and therefore he did not seek medical attention but instead relied on over-the-counter medication to treat his pain from the accident. He claimed this medication "may have led to a heart condition and other organ damage" and State Farm has refused to cover his medical costs. (R. at 11.) Under the "Jurisdiction" section of the form complaint, Robles claimed the district court had diversity jurisdiction under 28 U.S.C. § 1332 because State Farm is incorporated under the laws of Illinois and Moreno and Plake are citizens of Kansas. (R. at 5.) He also checked the box indicating the "case arises because of violation of the civil or equal rights, privileges, or immunities accorded to citizens of, or persons within the jurisdiction of, the United States (28 U.S.C. § 1343)." (R. at 7.)

The complaint was referred to a magistrate judge who recommended dismissal for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). He explained

---

[1] The district court granted Robles leave to proceed without prepayment of fees.

[2] It is unclear from the record what role Plake played in the accident or otherwise. In the complaint, Robles states Plake is a citizen of Kansas and her address is unknown but in a later pleading indicates her address is the same as Moreno's. The only other mention of Plake comes in Robles's brief, which alleges State Farm initially claimed Plake as its insured but later stated it was Moreno.

- 2 -

diversity jurisdiction under 28 U.S.C. § 1332 was lacking because Robles and Moreno were both citizens of Kansas.  He also determined jurisdiction did not exist under 28 U.S.C. § 1343 because of Robles's failure to allege facts demonstrating any of the defendants acted under color of state law.

Robles objected to the recommendation.  As the district judge accurately observed, his objections were in large part a "diatribe against the federal court system."  (R. at 35.)  Nevertheless, Robles did raise two relevant objections: (1) diversity jurisdiction exists because he and State Farm are citizens of different states and (2) the court has jurisdiction under § 1343 because State Farm failed to comply with state and federal law.  He did not seek to amend his complaint.  The district court rejected the objections and adopted the magistrate's recommendation.

We review de novo the district court's dismissal for lack of jurisdiction.  S*ee* *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999).  Robles does not seriously contest the diversity jurisdiction decision and rightly so. Because Robles and Moreno (as well as Plake) are all citizens of Kansas, diversity jurisdiction does not exist.[3]  *See* 28 U.S.C. § 1332(a); *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008) ("Under 28 U.S.C. § 1332(a) the citizenship of all defendants must be different from the citizenship of all plaintiffs.").

---

[3]  Robles's argument is limited to stating he listed State Farm as the first defendant in his complaint.  While State Farm's citizenship is diverse from that of Robles', he also named Moreno and Plake, who share the same citizenship as Robles.  And he continues to assert arguments involving Moreno in his appellate brief.  Thus, we do not read his argument (even liberally) as a voluntary motion to dismiss Moreno and Plake.

Robles continues to claim the district court has jurisdiction under 28 U.S.C. § 1343. According to him, defendants acted under color of state law because Moreno's failure to provide proof of insurance at the accident scene violated state law and State Farm used a delay tactic in order for the statute of limitations to run. Section 1343 "is limited to cases involving state action, which means deprivation of right by a state officer under the authority or pretended authority of state law." *Monks v. Hetherington*, 573 F.2d 1164, 1167 (10th Cir. 1978). Neither Moreno's violation of state law nor State Farm's use of delay tactics satisfies the "state action" requirement. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 940-41 (1982) (no state action where plaintiff alleged private actors deprived him of his property in violation of state law; "private misuse of a state statute does not describe conduct that can be attributed to the State"); *see also Dahlberg v. Becker*, 748 F.2d 85, 90-91 (2d Cir. 1984) (private parties' violation of a valid state law's notice provision leading to plaintiff's arrest and imprisonment does not constitute state action).

Robles also emphasizes his pro se status and accuses the district judge of holding him to the standard of a trained attorney. He further claims the judge held some form of "animosity" against him based on another case he has or had before the same judge. (Appellant's Br. at 3.) Both the magistrate and the district judge adequately considered Robles's pro se status—they liberally construed his pleadings but correctly recognized his pro se status did not relieve him from his burden of establishing jurisdiction. *See Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1024 (10th Cir. 2012) (assuming liberal-construction rules applicable to pro se complaints also apply to determining

whether pro se complaint demonstrates subject matter jurisdiction).  As to his claims of animosity, no evidence suggests the rulings were based on something other than a correct application of the law.

**AFFIRMED.**

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge