**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 2, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BARTLETT ELLIOTT,

Plaintiff-Appellant,

v.

CHRYSLER FINANCIAL,

Defendant-Appellee.

No. 05-2073

District of New Mexico

(D.C. No. Civ-04-1432 ACT/RHS)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR, HARTZ**, and **McCONNELL**, Circuit Judges.

Plaintiff Bartlett Elliott filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendant Chrysler Financial violated his constitutional rights by unlawfully seizing his vehicle. The district court granted Chrysler Financial's motion to dismiss for lack of subject matter jurisdiction. We exercise jurisdiction under 28 U.S.C. § 1291 and AFFIRM.

On December 22, 2004, agents of Chrysler Financial repossessed Mr. Elliott's 2000 Chrysler Voyager minivan while it was parked behind his home.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. Elliott contends that this repossession was an unlawful seizure in violation of the Fourth Amendment. He filed a pro se complaint alleging that Chrysler Financial and its agents violated his constitutional rights and is seeking one million dollars in damages. The complaint asserted a claim under 42 U.S.C. § 1983 with jurisdiction under 28 U.S.C. § 1343(3).

Chrysler Financial moved to dismiss the complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(1), (6). The magistrate judge, hearing the case by consent of the parties, dismissed the complaint for lack of subject matter jurisdiction, holding that federal question jurisdiction was lacking because the claim does not arise under federal law, that § 1983 does not provide jurisdiction because the facts in the complaint do not identify any action taken under color of state law, and that diversity jurisdiction does not exist because the complaint does not allege a state of citizenship for Chrysler Financial.

We review the dismissal for lack of subject matter jurisdiction de novo. *See U.S. West, Inc. v. Tristani*, 182 F.3d 1202, 1206 (10th Cir. 1999). We liberally construe pro se appellants' filings, *Hunt v. Uphoff*, 199 F.3d 1220, 1223 (10th Cir. 1999), but we may not advocate on behalf of the litigant. *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997). Because Mr. Elliott asserted jurisdiction only under § 1343, the state action requirement is an element of Mr. Elliott's cause of action as well as a jurisdictional prerequisite. *Compare* 42

2

U.S.C. § 1983 *with* 28 U.S.C. § 1343(3). Before *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998), we analyzed issues common to jurisdiction and the merits under Rule 12(b)(6). *See Pringle v. United States*, 208 F.3d 1220, 1222 (10th Cir. 2000) (per curiam) (quoting *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995)). After *Steel Co.*, the better practice is to determine jurisdiction first, though in this case it amounts to the same thing. *See Examining Bd. of Engineers, Architects and Surveyors v. Flores de Otero*, 426 U.S. 572, 581–82 (1976) (explaining that the state action elements in § 1343 and § 1983 were "deemed to coincide"); *cf. City of Kenosha v. Bruno*, 412 U.S. 507, 513–14 (1973) (finding no jurisdiction under § 1343 because the municipality was not a "person").

To establish subject matter jurisdiction under § 1343, the plaintiff must show that the defendant acted "under color of any state law." *See* 28 U.S.C. § 1343(3). To satisfy the state action requirement, "the party charged with the deprivation must be a person who may fairly be said to be a state actor . . . because he is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State." *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982) (holding that a private party did not act under color of state law in a prejudgment attachment of the debtor's property if the creditor acted contrary to state policy); *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974) (explaining that private

3

action supports a § 1983 claim only if it "may be fairly treated as that of the State itself"); *Pino v. Higgs*, 75 F.3d 1461, 1465 (10th Cir. 1996) (noting that private action must be "fairly attributable to the state").

In his complaint, Mr. Elliott alleges that agents of Chrysler Financial improperly repossessed his vehicle for failure to make timely payments, when in fact he had made all payments on the account. Repossession is governed by state law. *See* N.M. Stat. Ann. § 55-9-609 (establishing procedures for repossession of collateral by secured creditors). Merely following a procedure established by state law does not transform a private party's activity into state action. *Scott v. Hern*, 216 F.3d 897, 906–07 (10th Cir. 2000); *see also Kirksey v. Theilig*, 351 F. Supp. 727 (D. Colo. 1972) (holding that self-help repossession of an automobile by a private party is not action under color of state law). Section 1343 is the sole basis of jurisdiction asserted in Mr. Elliott's complaint; however, none of his factual allegations support the conclusion that the government played a part in the repossession. Mr. Elliott therefore fails to invoke federal subject matter jurisdiction.

Mr. Elliott's claim fares no better on alternative grounds of jurisdiction not asserted in his complaint. Ordinarily, § 1983 plaintiffs assert federal question jurisdiction under 28 U.S.C. § 1331, *see Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 125 S. Ct. 2363, 2366 (2005), and the state action requirement is treated only as an element of the claim. *See West v. Atkins*, 487

4

U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."). Although § 1331 would provide subject matter jurisdiction, Mr. Elliott's complaint fails to state a claim upon which relief can be granted because it fails to establish state action. The district court also considered the possibility of diversity jurisdiction under 28 U.S.C. § 1332, but correctly found jurisdiction lacking because the complaint failed to allege jurisdictional facts.

Because the district court lacked subject matter jurisdiction over Mr. Elliott's claim, we AFFIRM the magistrate judge's order dismissing the complaint.

Entered for the Court,

Michael W. McConnell,
Circuit Judge